## L. C. BROWN v. SCHOOL DISTRICT No. 41, COWLEY COUNTY, KANSAS.

1. SCHOOL DISTRICT—*Valid Contract with Teacher.* Where power is vested in a district board of a school district composed of three to contract for and hire a teacher for and in the name of the district, and all of said members of the board meet together and consult with regard to making such a contract, and consent thereto, and thereupon two of said members of the board enter into a written contract with B. to teach the school of said district in accordance with the determination had at such consultation of all the members of the board, such contract is binding upon the school district, although one of the members of the board was not present when the same was executed.

2. ACTION ON CONTRACT—*Burden of Proof.* Where an action is brought against a school district upon a written instrument, and the petition does not allege any authority upon the part of the persons who sign the same to execute said instrument on behalf of the school district, and where the answer specifically denies the authority of such persons to execute the same for the school

district and nowhere admits that the persons so signing the instrument were officers of said district, the burden of proof is upon the plaintiff to establish, not only the execution of the instrument, but also the authority of the persons executing the same.

3. ———— *Right to Dismiss Teacher.* A clause in a contract between a school-district board and a teacher, reserving the right to dismiss the teacher at any time he "does not give satisfaction to the board, or a majority of the district," is valid, and not in conflict with ¶ 5617, General Statutes of 1889.

4. INCOMPETENT EVIDENCE—*Harmless Error.* When the trial court permits incompetent evidence to go to the jury, and afterward discovers its error and instructs the jury that they must disregard such evidence, and where it appears from the evidence in the case that such evidence did not prejudice the rights of the party objecting to the admission of the same, the judgment will not be disturbed by reason of the error in the admission of such incompetent evidence.

MEMORANDUM.—Error from Cowley district court; M. G. TROUP, judge. Action by L. C. Brown against School District No. 41, Cowley county. Judgment for defendant. The plaintiff brings the case to this court. Affirmed. The opinion, filed June 19, 1895, contains a sufficient statement of the facts.

*C. T. Atkinson,* for plaintiff in error.

*McDermott & Johnson,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought by plaintiff in error against the defendant in error in the district court of Cowley county, Kansas, upon an alleged written contract, dated in July, 1888, setting forth that plaintiff in error was employed to teach school for district No. 41, Cowley county, for a term of six months, commencing October 1, 1888, at $50 per month. The defendant in error had judgment below, and plaintiff in error brings the case here.

The first contention between the parties is as to the

validity of the alleged written contract sued upon. The evidence discloses that plaintiff in error went to the house of D. N. Wolf, who was the treasurer of the school district, in company with Sampson Johnson, who was director of said district, and after some conversation among the three in regard to making a contract with plaintiff in error to teach the school in that district, the two district officers drove to the house of Mr. McCullum, for the purpose of there discussing the question with the clerk of the district, Sanford Wade. They found Wade, and the three officers did discuss the question of entering into a contract with the plaintiff in error to teach the school of said district. Wade tacitly agreed to the proposition, and the other two officers returned to where they had left the plaintiff in error and made the contract upon which this suit is brought. Was this the contract of the school district? It is an elementary principal that when several persons are authorized to do any act of a public nature, which requires deliberation, they all should be convened. In determining a question, such as entering into a contract with a teacher, it is well settled by the authorities in this and in other states that the members of a district board cannot bind the district when acting separately and apart from each other ; but, as is said in *Aikman v. School District*, 27 Kas. 129 : "They all must meet together, or be notified to meet together, or have an opportunity to meet together or consult over the employment of the teacher before the contract can be legally entered into by them so as to bind the district." But the statute prescribes no special form or manner by which and no particular place at which the district board shall be convened, nor do we think it was intended or necessary that any formal call should be made for the purpose of legally

convening a school-district board.    It is sufficient if all are present, or had an opportunity to be present, and that at least two of them agreed to make the contract in dispute.    Applying these views to this case, it seems clear to us that the contract sued upon was one made by the district board, and was therefore the contract of the district.

Plaintiff in error urges that the trial court committed error in compelling him, after he had proven the execution of the contract, to assume the burden of proof and prove this meeting and the steps which led up to the completed contract.    Under the pleadings in this case, we think the ruling of the court was correct.    The petition nowhere alleges that the persons who signed the said contract were officers of the school district, or that they had authority to act for the district.    It does not allege that the district had any officers, or who they were.    The answer denies generally and specially any authority in the persons who signed the contract to act for the school district, and nowhere admits that either of the persons so signing were officers of said district.    There being no sufficient allegations in the petition to require a verified answer, the burden was upon the plaintiff below to prove the authority of those purporting to act for the district.

The next ground assigned as error is in the instruction of the court to the jury with regard to a certain clause in the contract sued upon, which clause reads as follows :  "And if such teacher does not give satisfaction to the board, or a majority of the district, he is to be dismissed at any time."    Plaintiff in error contends that under this clause he must have entered upon the discharge of his duty, and then have failed, before advantage could be taken of this clause in the

contract. The facts in this case are that, before the time arrived for the plaintiff in error to enter upon his duties under the contract, a large majority of the qualified electors of said district, at a school-district meeting regularly called and held for the purpose of settling the question as to whether they would retain or dismiss plaintiff in error, expressed their dissatisfaction, and voted to dismiss him ; and upon the authority of such vote, and after adopting a resolution of similar import at a board meeting, the said board notified plaintiff in error in writing of the fact that the district did not desire his services ; and when the time arrived for school to commence he appeared and demanded the right to teach, and they refused to permit him to do so. In instructing the jury upon this clause in the contract, and under the evidence aforesaid, the court said, in substance, that this clause did not give either board or the district the right to dismiss the plaintiff in error without any cause or excuse, but that its import was that at any time the board or the majority of the district had reasonable ground for dissatisfaction they might dismiss the plaintiff in error, and that the question for the jury to settle upon this particular point was whether or not at the time when the plaintiff was dismissed either the board or a majority of the district had reasonable grounds for such dismissal. The court further instructed the jury that it was not absolutely necessary, under the contract, that the plaintiff should have had an opportunity to try his hand at teaching school before such dismissal took place or the district or the members of the board had reasonable ground to believe that plaintiff would not prove a satisfactory teacher. It is of these instructions that complaint is here made, and the case of *Tripp v.*

*School District*, 50 Wis. 659, is cited in support of the position that the instructions were erroneous. A careful examination of this case will fail to support the contention of plaintiff in error. However, the authorities in our own state fully sustain the validity of such a clause in the contract, and of instructions like the above. (*School District v. Colvin*, 10 Kas. 284; *Armstrong v. School District*, 28 id. 345.) While there was a conflict in evidence as to whether the board or the school district had reasonable grounds for dissatisfaction, there is abundance of testimony to sustain a verdict upon that point; and the question having been settled that there was reasonable ground for such dismissal, and that a contract to the effect that such a dismissal might be made is valid, it follows that the dismissal might occur at any time after the making of the contract, when reasonable grounds therefor existed.

We come now to the last and most serious question in this case. Upon the trial the court admitted the deposition of Ella S. Kelly in behalf of defendant in error, and afterward withdrew the same from the consideration of the jury on the ground that the evidence was incompetent. Plaintiff in error contends that the admission of said deposition was prejudicial error. We think that the admission of this piece of testimony by the court merits considerable criticism. It frequently happens that testimony once admitted to the jury and then withdrawn leaves an impression which it is impossible to remove, and while there may be some excuse for the admission of oral testimony which is afterward withdrawn, we cannot conceive of any in the case of a deposition, which should and ought to be examined by the court, and its competency passed on before being read to the jury, when

objection is made to its introduction in evidence.   We have, however, carefully examined the deposition in question in connection with the rule laid down by our supreme court in Whittaker v. Voorhees, 38 Kas. 71, and have reached the conclusion that the rights of plaintiff in error were not prejudiced by the same.   In the case above referred to the court adopts the following language from Hopt v. People, 7 Sup. Ct. Rep. 618 :

"It is true, in some instances there may be such strong impressions made upon the minds of the jury by illegal and improper testimony that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the original objection may avail on appeal or writ of error ; but such cases are exceptional.   The trial of the case is not to be suspended, the jury discharged, a new one summoned, and the evidence retaken, when an error in admission of testimony can be corrected by its withdrawal, with proper instructions from the court to disregard it."

In the case at bar the court, at the time of the offer of the deposition, cautioned the jury before it was read by saying that he would "admonish the jury what parts to regard," and after its withdrawal stated that they were "not to consider any part of it."   As to the deposition itself, we think a part of it was competent ; and as to those parts which were incompetent, in view of the other evidence which was before the jury, and which was competent, the plaintiff in error was not prejudiced, and the case ought not to be reversed because of the admission of said deposition.

The decision of the trial court is affirmed.

All the Judges concurring.