[Civ. No. 8916.   First Appellate District, Division One.—September 27, 1934.]

GRACE M. SALMON, Appellant, v. JOHN J. ALLEN, Jr., et al., Respondents.

116

Aaron Turner and John Felton Turner for Petitioner.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and Agnes R. Polsdorfer, Deputy District Attorney, for Respondents.

THE COURT.—Appellant filed in the Superior Court of the County of Alameda a petition, alleging in substance that she had been employed as a probationary teacher in the Oakland city high schools for three successive school years and thereupon became entitled to be classified as a permanent teacher therein, that respondents refused to so classify her, and she prayed for a writ of mandate requiring such classification to be made. An order to show cause issued.

Respondents demurred to the petition, and also denied certain of its allegations and admitted others.

At the hearing it was stipulated that in the event the court found that a certain notice sent to petitioner was sufficient to accomplish her dismissal from her employment as a teacher, no finding should be made with respect to the successful or unsuccessful character of her services.

The parties agree that the only evidence adduced at the trial consisted of a resolution of the board of education and a letter mailed and received by petitioner. The other facts, except such as were admitted by the pleadings, were stipulated in open court.

The trial court made findings, from which it concluded that petitioner should take nothing by her petition. A judgment was accordingly entered, from which petitioner has appealed.

She claims that certain of the court's conclusions are unsupported. According to the stipulation petitioner was employed by resolution of the board, adopted on June 12, 1928, to serve as a teacher for the school year 1928–1929. She served as such for two complete consecutive school years, namely, 1928–1929 and 1929–1930. She continued to serve during the school year 1930–1931 to and including June 5, 1931, the date on which the schools closed for the summer vacation. On June 4, 1931, the board adopted the following resolution: ''That in keeping with the School Code of California, art. IV, secs. 5.680, 5.681 and 5.682 the services of Mrs. Grace Salmon, probationary teacher, who has not met the Oakland standard of teaching, be discontinued.'' Following this a letter was mailed by the board to petitioner and received by her. The letter was as follows: ''Mrs. Grace Salmon, 369 Adams street, Oakland, Calif.—Dear Mrs. Salmon: In keeping with the provisions of the School Code of California, art. IV, paragraph 5.681 you are hereby notified that your services will not be needed in the Oakland Public Schools after the close of the present school year on June 5, 1931.—John W. Edgemond, Secretary Board of Education.'' Respondents refused to permit petitioner to serve as a teacher during the school year 1931–1932, or to pay her any salary for that year.

The court found that the school year 1930–1931 ended on June 30, 1931; that it was the rule of the board not to classify employees as occupying positions requiring certification qualifications as permanent employees until the month

of July following the completion by such employees of three complete successful consecutive school years of employment by the district; that the board on June 4, 1931, and before the end of petitioner's third complete consecutive school year of employment duly resolved that her services as probationary teacher be discontinued, in keeping with the provisions of sections 5.680, 5.681 and 5.682 of the School Code, for the reason that she had not met the Oakland standards of teaching, and that the board's notice in writing, advising her that her services would not be required for the ensuing year, was on June 6, 1931, deposited by the secretary of the board in the United States registered mail, postage prepaid, addressed to petitioner at her last known place of address, and was received by her on June 9, 1931; further, that instruction of pupils in said schools ceased for the school year on June 5, 1931, and that petitioner has not at any time since June 6, 1931, been an employee of the school district.

Petitioner admits that she received her full salary for the school year 1930–1931. She contended at the trial that the notice given her was not the notice of dismissal required by the School Code, and that consequently she completed the third consecutive school year of her employment and was entitled to classification as a permanent teacher.

Permanent employees in positions requiring certification qualifications can only be dismissed for cause after notice and hearing (School Code, secs. 5.660 to 5.670, inclusive). Petitioner was a probationary teacher; and the board had to dismiss such during the school year for cause only, as in the case of permanent employees (School Code, sec. 5.680); but they might on or before the tenth day of June in any year dismiss such an employee by giving notice in writing that his services would not be required for the ensuing year (School Code, sec. 5.681); and, according to section 5.682 of the same code, such notice shall be deemed sufficient and complete when delivered in person to such employee by the clerk or secretary of the board, or deposited in the United States registered mail postage prepaid, addressed to the employee at his last known place of address.

▪ It has been held that except for cause a board cannot discharge a probationary teacher before the end of the school year, nor after June 10th of any year, except for cause, dispense with his services for the ensuing year (*Blalock* v. *Ridg-*

*way*, 92 Cal. App. 132 [267 Pac. 713]). They may, however, if proper notice be given, dispense with his services for the ensuing year either with or without cause (School Code, sec. 5.681; *Montgomery* v. *Board of Education*, 137 Cal. App. 668 [31 Pac. (2d) 243]). ■ While the resolution here adopted gave a reason for the board's action, namely, that the petitioner had "not met the Oakland standards of teaching", it also stated they were acting in conformity with the provisions of sections 5.680, 5.681 and 5.682 of the code; and it was neither alleged nor found that the board's action was based upon charges made against petitioner. It was the conclusion of the trial court that the resolution had reference to the ensuing school year; and the language of the resolution and the notice both show that such was the case. ■ The circumstances were relevant to this question, and the conclusion of the trial court with respect to the meaning and intent of a writing, where it appears to be consistent therewith, will not be disturbed on appeal, although another conclusion might seem equally tenable (*Barnhart Aircraft Inc.* v. *Preston*, 212 Cal. 19 [297 Pac. 20]; *Kautz* v. *Zurich etc. Ins. Co.*, 212 Cal. 576 [300 Pac. 34]). ■ It will be presumed in the absence of proof that official duty has been regularly performed (Code Civ. Proc., sec. 1963, subd. 15), and the notice of the action of the board, which was signed by its secretary as such and duly mailed and received, was sufficient (*Fleming* v. *Board of Trustees*, 112 Cal. App. 225 [296 Pac. 925]; *Steele* v. *Board of Trustees*, 121 Cal. App. 419 [9 Pac. (2d) 217]).

■ Plaintiff now claims, however, that the court found that she was dismissed for cause and, it being conceded that no charges against her were filed and no hearing had, that the action of the board was ineffective for any purpose.

The findings referred to allegations in the petition and answer, and from these references petitioner wishes to have the inference drawn that findings to the effect that she was dismissed for cause were made. We cannot agree with this interpretation. The court expressly found "that before the end of the third complete consecutive school year of petitioner's employment, to-wit, on the 4th day of June, 1931, the Board of Education of the City of Oakland and of Oakland High School District of Alameda County at its regular meeting resolved and ordered that the services of petitioner

as a probationary teacher of the Oakland High School District of Alameda County be discontinued, in keeping with the provisions of sections 5.680, 5.681 and 5.682 of the School Code, for the reason that said petitioner had not met the Oakland standards of teaching.'' Findings are to be liberally construed in support of the judgment (*Ames* v. *City of San Diego,* 101 Cal. 390 [35 Pac. 1005]). This was the only finding which the evidence reasonably supported, and that nothing more was intended is the only reasonable interpretation which the findings bear. Moreover, it was not claimed at the trial that petitioner was dismissed for cause, or that any action was taken by the board other than to discontinue her services as a probationary teacher, the contention of her counsel then being that the notice of dismissal was insufficient, and that consequently she finished the full three years as a probationary teacher and became entitled to permanent classification. It is well settled that the theory upon which a case was tried must be adhered to on appeal (2 Cal. Jur., Appeal and Error, sec. 68, p. 237).

There is no material conflict between the findings, and the conclusion of the trial court upon which it based its judgment is fairly supported by the evidence.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 26, 1934.