[Civ. No. 11203. First Appellate District, Division Two.—January 26, 1940.]

WILLIAM J. INGRAM, Appellant, v. BOARD OF EDUCATION, SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Respondent.

738

M. Jas. McGranaghan for Appellant.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Respondent.

SPENCE, J.—Petitioner sought a writ of mandate to compel the respondent board to classify him as a teacher with permanent tenure in the public schools of San Francisco. The board interposed a demurrer which was sustained without leave to amend and judgment was entered ordering that petitioner take nothing by his action. Petitioner appeals from said judgment.

It appears from the allegations of the petition that petitioner was employed as a probationary teacher in 1925; that he submitted his resignation under date of June 16, 1927, to be effective August 24, 1927; that prior to tendering his resignation, and on June 8, 1927, the respondent board had accepted his resignation effective August 14, 1927; that on June 8, 1928, petitioner gave said board notice of the withdrawal of his resignation, claiming it was "forced", and demanding reinstatement; that in a letter of reply dated June 13, 1928, he was advised that it was impossible for him to withdraw said resignation; and that he has been refused employment by said board ever since August, 1927. His petition for a writ of mandate was not filed until April 20, 1939.

The respondent board interposed its demurrer setting forth as grounds therefor that the petition failed to state facts sufficient to constitute a cause of action and that said petition was barred by section 338, subdivision 1, and other sections of the Code of Civil Procedure and by laches.

Petitioner contends that the trial court erred in sustaining said demurrer and in entering judgment in favor of

the respondent board. We find no merit in this contention. It is a sufficient answer to point out that it affirmatively appeared on the face of the petition that petitioner's cause of action, if any, accrued in 1927 or, in any event, not later than 1928. As his petition was not filed until approximately eleven years later, it was clearly barred by the provisions of section 338, subdivision 1, of the Code of Civil Procedure. (*Harby* v. *Board of Education,* 2 Cal. App. 418 [83 Pac. 1081].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.