[Civ. No. 4687. Fourth Dist. May 4, 1954.]

ELIZABETH T. BALDWIN, Appellant, v. FRESNO CITY UNIFIED SCHOOL DISTRICT et al., Respondents.

Louis M. Piccirillo and Stutsman, Hackett & Nagel for Appellant.

Robert M. Wash, County Counsel (Fresno) and John E. Loomis, Assistant County Counsel, for Respondents.

MUSSELL, J.—This is an appeal by plaintiff from a judgment in a mandamus proceeding in which she petitioned for a writ to compel the respondents to classify and employ her as a permanent teacher of respondent school district.

Appellant was employed by the Fresno Unified School District as a probationary teacher in the day school for the 1945-1946, 1946-1947 and 1947-1948 school years. On May 10, 1948, she was notified by a letter signed by the superintendent of schools that her name would be omitted from the list of teachers to be presented to the board of education for reelection. This letter was sent pursuant to a long established policy of the school board that teachers who are not specifically reelected by the board are dismissed. Appellant was not reelected to teach in the day school for the 1948-1949 school year and during that year she served as a substitute teacher for eight days between February and June, 1949, teaching in the adult education division, and as a part time teacher for a short time in summer session. She was again employed by the respondent district as a probationary teacher for the school years 1949-1950, 1950-1951 and 1951-1952. On April 11, 1952, a letter, signed by an assistant superintendent of adult education, with the approval of the superintendent of schools, was sent to appellant notifying her that her contract would not be renewed for the next year. This letter was sent pursuant to the established policy of the school board and pursuant to a specific direction given the superintendent at a regular, open meeting of the board.

The controlling question to be here determined is whether the appellant has acquired the status of a permanent teacher in the Fresno Unified School District.

Appellant contends that she obtained tenure as a matter of law by her admitted probationary service during the school years 1945-1946, 1946-1947 and 1947-1948 because her services were not dispensed with by action of the governing board on or prior to May 15, 1948; that the letter of dismissal from the superintendent of schools was not based upon affirmative action of the governing board and did not constitute dismissal as defined by the Education Code; that even if she had not become a permanent teacher as a matter of law effective with the school year 1948-1949, tenure was again achieved by virtue of her services during the years 1948-1949, 1949-1950, 1950-1951 and 1951-1952; that there was no action taken by the governing board authorizing dismissal of appellant on or prior to May 15, 1952, but merely a letter of the superintendent.

Section 13081 of the Education Code provides in part as follows:

"Every employee of a school district . . . who, after having

been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

Appellant was not "reelected" at the termination of her first three years of service as a probationary teacher. During the fourth year she served as a substitute teacher, taught in the adult education division and as a part time teacher in the summer session.

In *Hogsett* v. *Beverly Hills School Dist.*, 11 Cal.App.2d 328 [53 P.2d 1009], petitioner had served in the schools of Beverly Hills School District for three complete, successive school years from 1929 to 1932 as a probationary teacher of music, that being a position requiring certification qualifications and having been employed thereafter as a substitute teacher, she claimed the right to classification as a permanent employee of the district. The court held that she was not "reelected" within the meaning of the statute and that the reelection intended by the Legislature is one which would result in the retention of the employee for another year in the class of employees to which the employee reelected belongs.

■ Employment in summer school may not be included in computing service for classification as permanent employee (Ed. Code, § 13099.4), and rights to permanent classification in the day and adult or night school branches involve entirely different classifications. (Ed. Code, §§ 13085.1 and 13086.) Appellant, therefore, was not reemployed in her former position at any time during the 1948-1949 school year. She, having been employed as a probationary teacher for three consecutive school years, beginning in the 1945-1946 school year, would be entitled to classification as a permanent employee if reemployed in her previous position at the beginning of the fourth year and in the absence of resignation or dismissal, would be automatically reemployed and classified as a permanent employee. (*Kimberlin* v. *Los Angeles City H. Sch. Dist.*, 115 Cal.App.2d 459, 461 [252 P.2d 344]; *Chambers* v. *Davis*, 131 Cal.App. 500 [22 P.2d 27].) ■ However, appellant was notified by letter signed by the superintendent of schools that her name would be omitted from the list of teachers to be presented to the board for reelection. She contends that this notice was ineffective as a dismissal in that it was not

based upon affirmative action of the school board. We are not in accord with this argument.

Section 13582 of the Education Code provides as follows:

*"Notice of nonrequirement of services during ensuing year. (Time for giving).* On or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.

*"(Delivery or mailing to employee.)* The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address.''

The record shows that the procedure and policy of the respondent school board in respect to reemploying or discharging employees, for many years, was to include in a resolution of the board the names of all teachers reemployed for the ensuing year and to omit therefrom the names of those who were not so reemployed; that it was understood by the board members that a teacher whose name was not included in the resolution would not be reemployed and that a notice of dismissal would be given such teacher by the superintendent of schools or by a person designated by him. In this connection, the president of the board of education testified that he was and had been a member of the board continuously for 12 years; that the same policy of the board existed over the years at least as far back as 1946-1947; that when he first went on the board, he inquired what the procedure was; that ''the statement that it was the procedure and apparently fulfilled the law was satisfactory to me at the time.'' It was stipulated at the trial that three other board members, if called to testify, would testify substantially as did the president of the board. The letter of dismissal of May 10, 1948, was an official notification that appellant's name would be omitted from the list of teachers to be presented to the board for reelection for the 1948-1949 school year and it was so stated therein.

In *Steele* v. *Board of Trustees,* 121 Cal.App. 419, 422 [9 P.2d 217], it was held that the act of serving the notice required by the statute is purely ministerial and whether the clerk is an officer or merely an agent, he has the right to delegate the performance of that ministerial act.

In *Salmon* v. *Allen,* 1 Cal.App.2d 115, 119 [36 P.2d 153], it was held that it will be presumed in the absence of proof

that official duty has been regularly performed and that a notice of the action of the board which was signed by the secretary as such and duly mailed and received was sufficient.

In *Knickerbocker* v. *Redlands H. Sch. Dist.*, 49 Cal.App.2d 722 [122 P.2d 289], it was held that a letter signed by the superintendent of schools is sufficient notice. The sufficiency of dismissal proceedings was discussed in *Fleming* v. *Board of Trustees*, 112 Cal.App. 225 [296 P. 925], where the petitioner had been previously elected and served as a probationary teacher for the school district in 1928-1929. At a meeting of the board it was decided by the majority of the members present not to employ petitioner for the following year. No minutes of the meeting were kept and no formal motion or vote of the members was taken or registered with respect to the employment of the petitioner. The subject was discussed orally and two of the members declared their opposition to petitioner's reelection. The clerk then stated that he would notify petitioner and on June 10, 1929, a written notice, signed by the clerk and one other member of the board, was served on petitioner notifying her that her services as a teacher in that school district were no longer desired. There, as here, the question for determination was whether the action of the board with relation to the termination of petitioner's employment was sufficiently formal to bind her. It was there held that the proceedings of the board were adequate, and the court said:

"There is no statutory provision of law requiring the meetings of school boards to be held at any specific time or place. There is no provision requiring the board to formally decide school matters by a vote of aye or nay. There is no provision requiring the minutes of its proceedings to be recorded. Construing a statute similar to that of California involving the validity of meetings held by school trustees, in upholding a contract of the board, it is said in *Brown* v. *School Dist.*, 1 Kan.App. 530 [40 P. 826, 827] : 'The statute prescribes no special form or manner by which, and no particular place at which the board shall be convened. Nor do we think it was intended or necessary that any formal call should be made for the purpose of legally convening a school district board. It is sufficient if all are present, and if at least two of them agree to make the contract in dispute.'

"The due determination of a board of school trustees to dispense with future services of a teacher is not invalid merely because the action of the board in that regard was omitted from the records of the meeting. (35 Cyc. 906.)"

In the instant case formal action of the board was taken in adopting a resolution reelecting certain teachers with the understanding of the board members that petitioner would be dismissed and would not be reemployed for the 1948-1949 school year. The record does not show that any board member was opposed to this method of dismissal and we are of the opinion that the appellant was duly notified by the superintendent of schools of her dismissal before May 15, 1948, by tacit authority of the board.

Edwin C. Kratt, superintendent and secretary of respondent board, testified that he had been employed as assistant superintendent and superintendent and had met with the board for the past 10 years; that it was the standing policy of the board, in order to save embarrassment on the part of teachers, not to list the names of the teachers to be dismissed in the meetings; that they would be eliminated when the teachers were considered for reelection; that petitioner accepted this procedure; that he "followed the policy right along that unless there is some reason for it we do not discuss it in board meetings"; that his signature was stamped on the letter of dismissal sent to petitioner on April 11, 1952, by his direction. When asked to state the basis upon which this letter was written, he stated "this particular case, in 1952 it was discussed. It's unusual, as I pointed out before that these, that individual teachers are discussed, but this particular case, because of the number of 'phone calls received by the board members and by the superintendent it was discussed at the board meeting, and the board approved the sending of this letter."

The trial court found that the governing board of the respondent district gave appellant due and proper notice of dismissal prior to May 15, 1948, and again prior to May 15, 1952. Both of these findings are sufficiently supported by the record. In this connection the evidence shows that appellant accepted non-day school substitute teacher employment for the district during the 1948-1949 school year. That fact strongly indicates that she was familiar with the established policy of the school board and was not objecting to the form of the notice sent, or claiming that it was not sent by authority of the respondent district in 1948. She did not challenge the sufficiency of the dismissal until the present action was filed in November, 1952, more than four years after receiving the letter of dismissal of May 10, 1948.

The period prescribed for the commencement of an

action upon a liability created by statute, other than a penalty or forfeiture is within three years. (Code Civ. Proc., § 338, subd. 1.) · This provision of the statute has been held applicable to a mandamus action by a teacher seeking classification as a permanent employee. (*Ingram* v. *Board of Education*, 36 Cal.App.2d 737 [98 P.2d 527].)

The trial court also found "that the petitioner has been guilty of laches and unreasonable delay in bringing this action." In *Kimberlin* v. *Los Angeles City H. Sch. Dist.*, *supra*, petitioner sought by his proceeding in mandamus to compel the respondent to reinstate him in a teaching position; classify him as a permanent employee; and pay him accumulated salary. The proceeding was commenced about one year after the notice of dismissal. The court held that the action was barred by laches; that the question of laches is in the first instance one for the determination of the trial court and its conclusion will not be set aside by an appellate court if such determination finds substantial support in the evidence. The finding of the trial court herein as to laches is supported by substantial evidence, particularly as to any cause of action which appellant claims arose out of the proceedings of the respondent board in 1948.

Appellant argues that the fact that she was dismissed after serving three years as a probationary teacher, not hired for the fourth year and hired again as a probationary teacher and then dismissed is a circumvention of the purpose of the law relating to the status of permanent teachers and as such is a violation of public policy. We find no merit in this contention. Appellant was not coerced to submit a resignation and was not reemployed in her regular position for the fourth consecutive year. The respondent board exercised its prerogative under section 13582 of the Education Code and dismissed the appellant. It did not reemploy her for the following school year. The board had the right under the statute to reconsider her employment the following year and again employ her as a probationary teacher if it saw fit.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1954. Carter, J., Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.