[Civ. No. 30357. First Dist., Div. Three. Oct. 17, 1972.]

ROBERT MARION CURTIS, Plaintiff and Appellant, v.
SAN MATEO JUNIOR COLLEGE DISTRICT OF
SAN MATEO COUNTY, Defendant and Respondent.

COUNSEL

Richard H. Perry for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and L. M. Summey, Deputy District Attorney, for Defendant and Respondent.

OPINION

BROWN (H. C.), J.—This is an appeal from the denial of a writ of mandate. The appellant teacher contends that he fulfilled the three-year requirement of Education Code section 13304 by combining service in the regular junior college day school with service in the evening adult school.

We agree with appellant.

Appellant was first employed as a probationary teacher for the 1967-1968 school year and continued in this capacity for three consecutive school years. However, for the first half of appellant's first year as a probationary teacher he taught in the day schools of the district and during the second half of his first year he taught in the evening schools of the district. In the two subsequent years, appellant taught in the day schools.

Upon appellant's being re-employed by the district for the 1970-1971

school year, respondent denied appellant's request for classification as a permanent certificated employee on the basis that he had not taught for three complete consecutive school years in the day school prior to re-employment for the fourth year. The petition for writ of mandate followed.

The basic tenure law which governs appellant is set forth in Education Code section 13304 which provides as follows:* "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

■ Although section 13304 on its face makes no distinction between the classification of certificated personnel for day school teaching and for evening or adult classes, respondent contends and the trial court agreed that sections 13309-13311 appear to manifest a legislative intent to make this distinction.

Section 13309 specifies that when a teacher of classes for adults serves sufficient probationary time to become eligible for permanent classification, his tenure is limited and equivalent to the average number of hours per week which he has served during his probationary years. The section goes on to provide that in no case shall such an employee be classified as permanent for more than one full-time assignment. Section 13310 provides that any employee who acquires any combination of permanent certificated tenure or permanent noncertificated status or both which exceeds that for one full-time position shall have a choice which tenure or status to retain. Section 13311, which bears most directly upon the issue presented here, provides in full as follows: "Nothing in Sections 13303 to 13308, inclusive, shall be construed to give permanent classification to a person in the evening school *who is already classified* as a permanent employee in the day school. In case a teacher obtains permanent classification in the evening school and later is eligible for the same classification in the day school by reason of having served the probationary period therein, he shall be given his choice as to which he shall take." (Italics added.)

The manifest purpose of these sections is to prevent double tenure. The background of the sections does not indicate that the legislative intent went beyond this goal. The sections clearly appear to be a response to a

---

*All references are to the Education Code unless otherwise indicated.

potential problem posed by the cases of *Cullen* v. *Board of Education,* 126 Cal.App. 510 [15 P.2d 227, 16 P.2d 272], and *Anderson* v. *Board of Education,* 126 Cal.App. 514 [15 P.2d 774, 16 P.2d 272], both decided in 1932. These cases decided that a tenured teacher who was employed to teach both day and evening high school classes could not be dismissed from either employment except for cause. The court took the view that both employments constituted one "position" and the teacher must be kept in this "position" to which he had become elected through his occupation during the probationary period. The teachers were given the right to their two salaries and the school district's right to vary assignments was limited. Shortly thereafter, the predecessor of section 13311 appeared in the code. The basic tenure statute (Sch. Code, § 5.500) was amended in 1935 to include what is now section 13311. Neither *Cullen* nor *Anderson* involved a situation where service in the night and day schools was combined to acquire tenure and the section passed in response does not refer to such a situation.

No case cited has disposed of the question presented here. *Baldwin* v. *Fresno City etc. School Dist.,* 125 Cal.App.2d 44 [269 P.2d 942], relied on by respondent, is not applicable. The court therein states: "Employment in summer school may not be included in computing service for classification as permanent employee (Ed. Code, § 13099.4), and rights to permanent classification in the day and adult or night school branches involve entirely different classifications. (Ed. Code, §§ 13085.1 [now 13309] and 13086 [now 13311].)" (125 Cal.App.2d at p. 47.)

Since the question in *Baldwin* was whether the petitioning teacher had been re-elected for the fourth year of employment, not whether she had served the required three consecutive years, the court's discussion concerning summer school and day and evening employments is dictum. The court was correct in stating that summer school employment is not included in computing the service required for attaining tenure. The code so provides. (Ed. Code, § 13332 [formerly § 13099.4].) As for "day and adult or night school branches," the court merely pointed out that they involve "entirely different classifications."

█ It is settled that tenure in a junior college district may be obtained by teaching in other than the regular daytime classes on campus. In *Beseman* v. *Remy,* 160 Cal.App.2d 437 [325 P.2d 578], the court held that teachers assigned to prison classes which were conducted by a junior college district obtained tenure in the district. There the court emphasized that the only test for tenure was that set forth in section 13081 [now

13304], i.e., whether employment was "*in a position or positions requiring certification qualifications.*" (Italics added.) The court in *Holbrook* v. *Board of Education,* 37 Cal.2d 316 [231 P.2d 853], emphasized the same test in holding that a person working in two capacities in the school, one requiring certification and one not requiring certification, was entitled to full-time tenure.

■ Tenure is obtained by teaching for three consecutive years "in a position or positions requiring certification qualifications." There is no requirement that these three years be served in the same classification. The only restriction imposed by the code on those serving in the separate classifications of day and evening classes is that they do not become entitled to double tenure. To extend this restriction to preclude tenure for three years' continuous service in a combination of day and evening classes would produce a result inconsistent with the purpose of the tenure law, which is to give security of employment to teachers while protecting the community from ineffective teachers. This inconsistency is particularly obvious on a junior college level. The code itself contemplates that junior college classes may be given in the evening, in part or entirely (§ 25502); may enroll adults other than high school graduates classifiable as students of grades 13 and 14 (§ 25502.5). Even assuming a situation where the adult school is administered separately from the regular day junior college, this should be no deterrent to the evaluation of the teacher when either branch considers re-election to the fourth year of service. Should the combination of teaching positions continue, section 13311 prevents double tenure. The school district has the protection intended by the Legislature without sacrificing a teacher's job security.

The judgment is reversed. The matter is remanded to the trial court with instructions to issue the writ of mandate as prayed.

Caldecott, J., concurred.

**DRAPER, P. J.,** Concurring.—This issue is by no means free from doubt. Sections 13309 and 13311, particularly the latter, do distinguish between teaching in day classes and evening classes. Arguably, it is therefore inconsistent to hold that tenure in one of these classifications is obtained by service which reaches the three-year minimum only by combining the two

distinct types of teaching. Review of the problems which led to enactment of section 13311, however, seems to negate such a legislative intent. If this is a misreading of the legislative purpose, an amending enactment can readily put the matter straight. I therefore concur.