[Civ. No. 40509. First Dist., Div. Two. Dec. 29, 1977.]

WILLIAM A. COVINO, Plaintiff and Appellant, v.
GOVERNING BOARD OF THE CONTRA COSTA COMMUNITY
COLLEGE DISTRICT, Defendant and Respondent.

**COUNSEL**

Douglas E. Lord for Plaintiff and Appellant.

John B. Clausen, County Counsel, and Arthur W. Walenta, Assistant County Counsel, for Defendant and Respondent.

**OPINION**

**KANE, J.**—Plaintiff William A. Covino appeals from an adverse judgment rendered in an action brought for mandamus, declaratory and injunctive relief. The facts leading to the dispute are virtually undisputed, and may be summarized as follows: ·

Covino was hired by respondent (hereafter District) on September 17, 1975, as a certificated employee to teach in the English Department of Diablo Valley College. He was employed as a full-time *temporary* teacher for the period of September 2, 1975 through June 11, 1976, for the purpose of filling the position of a teacher on sabbatical leave. Prior to his employment, by a letter dated July 14, 1975, Covino was advised by the District that he would be hired pursuant to section 13337.5 of the Education Code,[1] under which the District is prohibited from hiring a temporary employee for more than two semesters within three consecutive years.[2] On April 7, 1976, Covino informed the District that he

---

[1] Unless otherwise indicated, all references will be made to the Education Code.

[2] The pertinent part of the July 14, 1975 letter reads as follows: "We are pleased to tentatively offer you employment as a full-time Instructor at Diablo Valley College for the 1975-76 school year. . . . [¶] *You will be hired as a temporary employee pursuant to Education Code Section 13337.5.* Please note that, under Section 13337.5, the District is prohibited from hiring you as a temporary employee for more than two semesters within any period of three consecutive years." (Italics added.)

wished to be considered as an English instructor for the additional school year of 1976-1977. It is undisputed that sabbatical replacement openings existed in the English Department of Diablo Valley College for that school year.

In response to his request, on April 29, 1976, Covino was advised that respondent would not reemploy for another year those teachers who had been full-time employees for the current school year. The District admitted that appellant was well qualified and would be acceptable for temporary positions in the English Department for the 1976-1977 school year as a sabbatical replacement but for the District's inability to hire him for another term as a temporary employee.[3] In order to qualify as a temporary teacher, appellant waived all his potential rights to becoming a probationary (contract) or permanent employee under the statute by virtue of his reemployment for an additional school year.

After reconsidering its initial memorandum decision, the trial court, in essence, found that Covino was hired by respondent as a full-time temporary certificated employee for the 1975-1976 school year, and if rehired for 1976-1977 would qualify as a second-year contract (probationary) employee under sections 13336, 13337.5 and 13345.10; that section 13337.3, on which appellant relied, was inapplicable to community college teachers; and that Covino's purported waiver of his potential tenure rights would be null and void by virtue of section 13338.1. Accordingly, the trial court denied Covino's petition for a writ of mandate and discharged the alternative writ of mandate previously issued.

As the parties agree, the primary issues on appeal are (1) whether respondent, a community college district, may employ Covino as a full-time temporary teacher for an additional school year without granting him the status of a second-year contract (probationary) employee (§ 13345.10;[4] see also §§ 13336, 13337.3 and 13337.5), and (2) if probationary status follows as a matter of statute, whether Covino may

---

[3]In its answer to Covino's petition for mandamus the District stated inter alia that "the reason for the refusal of respondent to hire petitioner for an additional teaching year is that respondent cannot lawfully employ petitioner as a temporary employee for more than two semesters or quarters within any period of three consecutive years (Education Code § 13337.5); and that if respondent hired petitioner for an additional teaching year, it would be required to hire him as a second year contract (probationary) employee (Education Code §§ 13336, 13345.10) . . . ."

[4]Section 13345.10 (now § 87602) provides that "For the purposes of other provisions of law: [¶] (a) A contract employee is a probationary employee. [¶] (b) A regular employee is a permanent employee."

waive his tenure rights under the Education Code in order to facilitate his continued employment.

Since the determination of the first issue calls for interpretation of several sections of the Education Code, as a threshold matter we set out the basic principles governing the construction of statutes. We begin with the fundamental rule that in construing a statute, the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. In ascertaining the legislative intent, we turn first to the words used in the statute itself. The words, however, may not be read in isolation, but rather in context, keeping in mind the nature and obvious purpose of the statute. A corollary to this rule is that the various parts of the statutory enactment must be harmonized by considering the particular phrase, clause or section in the context of the statutory framework as a whole (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; see also *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *California Sch. Employees Assn.* v. *Coachella Valley Unified Sch. Dist.* (1977) 65 Cal.App.3d 913, 919 [135 Cal.Rptr. 630]; *Prunty* v. *Bank of America* (1974) 37 Cal.App.3d 430, 436 [112 Cal.Rptr. 370]).

As an additional preliminary matter, we also observe that in resolving the issues before us we must consider and interpret the pertinent statutory provisions as they stood at the time of the present controversy. The newly enacted, reorganized or amended provisions of the Education Code (Stats. 1976, chs. 1010-1011) effective April 30, 1977, will be regarded only to the extent that they have some relevance to the determination of the issues raised by the parties.

■ Addressing the merits of the case, we are persuaded that the language of section 13337.5 (now § 87482) either alone or in combination with section 13336 (now § 87478) is dispositive of the central issue before us. While section 13337.5 (as much as new § 87482) empowers the District to hire certificated teachers as temporary employees under certain conditions for a complete school year (but not less than one full semester or quarter), it does contain specific language that flatly and unconditionally prohibits a rehiring of such employees for another school year within a time span of three consecutive years.[5]

---

[5]Section 13337.5 provided at all relevant times that "Notwithstanding the provisions of Section 13337, *the governing board of a school district maintaining a community college*

Although the cited language of section 13337.5 is clear and unambiguous, and thus not subject to interpretation (cf. *Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353-354 [139 P.2d 908]; *Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 430 [48 Cal.Rptr. 832]), its meaning becomes even clearer when read together with section 13336 and viewed in light of the pertinent case law. Thus, section 13336 further underlines that in case of reemployment for another school year the certificated temporary teacher must be classified as a probationary employee (or under the new terminology, "a contract employee"; see § 87478).[6] The cases interpreting the foregoing provisions explain that the third paragraph of section 13337.5 contains a built-in limitation to prevent a school district from employing and reemploying indefinitely a teacher as a temporary employee (*Ferner* v. *Harris* (1975) 45 Cal.App.3d 363, 372 [119 Cal.Rptr. 385]; *Coffey* v. *Governing Board* (1977) 66 Cal.App.3d 279, 291 [135 Cal.Rptr. 881]), and specifically limits the classification of temporary teacher to persons employed for not more than two semesters or quarters within any period of three consecutive

---

may employ as a teacher in grade 13 or grade 14, for a complete school year but not less than a complete semester or quarter during a school year, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees for grades 13 and 14 during a particular semester or quarter because of the higher enrollment of students in those grades during that semester or quarter as compared to the other semester or quarter in the academic year, or because a certificated employee has been granted leave for a semester, quarter, or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Such employment may be pursuant to contract fixing a salary for the entire semester or quarter.

"*No person shall be so employed by any one district for more than two semesters or quarters within any period of three consecutive years.*

"Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 13446." (Italics added.)

[6]Section 13336 provided in part at the time here relevant that "*Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified* by the governing board *as a probationary employee* and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

New section 87478 likewise sets out in pertinent part that "*Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year* in a position requiring certification qualifications, *be classified* by the governing board *as a contract employee* and the previous year's employment as a temporary employee shall be deemed one year's employment as a contract employee for purposes of acquiring regular status." (Italics added.)

years (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 829 [114 Cal.Rptr. 589, 523 P.2d 629]). In elaborating on the meaning of the last paragraph of section 13336, the Court of Appeal has made the observation that "It manifests an intention that when a certificated employee has been employed for one complete school year as a temporary employee, and that person is employed for the following school year in a position requiring certification qualifications, he shall be classified by the governing board as a probationary (here contract) employee." (*Coffey* v. *Governing Board, supra,* at p. 293.) Since Covino was employed as a temporary teacher for two full semesters in the 1975-1976 school year in a position requiring certification qualifications, he may not be reemployed as a temporary teacher for another school year within a period of three consecutive years.

■ Despite the unequivocal language of the statute and the judicial interpretation pertaining thereto, appellant insists that he could be classified as a temporary teacher if rehired for another school year or years. Appellant's main reliance is placed on section 13337.3, which contains language to the effect that the granting of probationary status to a temporary teacher rehired for another school year is mandatory only if the temporary teacher is rehired for a *vacant* position. The position filled by a permanent or probationary teacher who is on leave, argues appellant, is not a vacant position within the meaning of section 13337.3,[7] and consequently the District is legally authorized to reemploy him as a temporary teacher filling the position left open by tenured teachers on leave.

---

[7]Section 13337.3 set out at the time here relevant that "Notwithstanding the provisions of Sections 13336 and 13337, *the governing board of a school district* may employ as a teacher, for a complete school year, but not less than one semester during a school year, unless the date of rendering first paid service begins during the second semester and prior to March 15th, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a *vacant* position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status.

"*For purposes of this section 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.*" (Italics added.)

Appellant's argument, ingenious as it may seem, must fail for the simple reason that section 13337.3 is a general statute dealing with school districts in general, while section 13337.5 is a special statute addressing itself to the specific issue before us, i.e., the hiring of a college teacher by a school district maintaining a community college. This important distinction is reflected by the language of section 13337.3, which uses the phrase "the governing board of *a school district*" (italics added) without any further specification (see fn. 7, *ante*), while section 13337.5 speaks about the concrete instance of hiring teachers by a "governing board of *a school district maintaining a community college*" (italics added; see fn. 5, *ante*). It is, of course, axiomatic that as a matter of statutory interpretation a special statute takes precedence over a general one whether it was passed before or after the adoption of the general enactment (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593]; *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580]). As spelled out in *Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]: "It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. *A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.*" (Italics added.)

Our conclusion that section 13337.3 does not obtain to college teachers is further fortified by the circumstance that while section 13336 is applicable to temporary teachers under section 13337.5, it is clearly inapposite to temporary employees under section 13337.3.[8] Moreover, former section 13346.40, which existed as a part of article 3.5 regulating the employment of community college teachers, made specific reference to the employment of temporary college teachers under section 13337.5, but none whatsoever to section 13337.3.[9]

We attach no significance to appellant's assertion that section 87481, the revised form of section 13337.3, now contains the same language as

---

[8]While section 13337.3 uses the introductory phrase that "Notwithstanding the provisions of Sections 13336 and 13337," section 13337.5 only provides that "Notwithstanding the provisions of Section 13337 . . . ."

[9]Former section 13346.40, repealed as of September 1, 1974, provided in part that "(a) *The governing board of a school district may employ temporary employees pursuant to Section 13329* and *13337.5.* Substitute employees may be employed pursuant to Section 13336. [¶] (b) For the purposes of the sections specified in subdivision (a), a 'probationary employee' is a 'contract employee,' and a 'permanent employee' is a regular employee." (Stats. 1972, ch. 879, § 2, 1557; italics added.)

section 13337.5 (now § 87482) insofar as the designation of the school district is concerned. As pointed out earlier, in determining the issues before us we rely primarily on the statutory provisions which existed at the time of the dispute. Furthermore, although section 3 of the revised code provides that "The provisions of this code, insofar as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations, and not as new enactments," it is obvious the new language in section 87481 constitutes a substantial change, and as a consequence is not a proper guide to an eventual interpretation of the earlier provision.

■ Appellant's alternative argument with respect to the issue of waiver requires but a relatively short discussion. Section 13338.1 (now § 87485) expressly prohibits the waiver of tenure rights by setting forth in part that "Except as provided in Sections 13406 and 13448, any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void."

Appellant's claim that despite the provisions of the code he should be permitted to waive his right to the probationary status may not be accepted for two major reasons. One, while as a general rule anyone may waive the advantage of law intended solely for his benefit, a law established for a public reason cannot be waived or circumvented by a private act or agreement (Civ. Code, § 3513; *Bianco* v. *Superior Court* (1968) 265 Cal.App.2d 126, 130-131 [71 Cal.Rptr. 322]; 51 Cal.Jur.2d, Waiver, § 5, p. 313). Teachers are public employees and their tenure rights elaborately regulated by the Education Code reflect the public policy of the state. As stated in *De Haviland* v. *Warner Bros. Pictures* (1944) 67 Cal.App.2d 225, 235 [153 P.2d 983]: "Legislation which is enacted with the object of promoting the welfare of large classes of workers whose personal services constitute their means of livelihood and which is calculated to confer direct or indirect benefits upon the people as a whole must be presumed to have been enacted for a public reason and as an expression of public policy in the field to which the legislation relates." Two, appellant's argument, that the code prohibition should not apply to the instant case because the waiver at issue was made in open court and not effected by way of an agreement as provided by the code, does not have any merit either. Without engaging in a lengthy discussion, suffice to say that the validity of a waiver of rights which were enacted for a public reason should not depend on the happenstance whether the

waiver was incorporated in an agreement or pronounced in the course of a judicial proceeding.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.