[Civ. No. 47274. First Dist., Div. Two. May 24, 1982.]

MICHELLE KALINA, Plaintiff and Appellant, v.
SAN MATEO COMMUNITY COLLEGE DISTRICT et al., Defendants and Respondents.

COUNSEL

Rubin Tepper for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and Thomas F. Casey III, Assistant District Attorney, for Defendants and Respondents.

OPINION

SMITH, J.—Appellant Michelle Kalina, a certificated community college instructor, appeals from a judgment denying her petition for writ of mandate to compel respondents, the San Mateo Community College District and the Governing Board of the San Mateo Community College District, to classify her as a probationary employee pursuant to Education Code section 87482 and to compensate her for any damages caused by respondents' failure to classify her properly.

The principal issue in this case concerns the construction and applicability of Education Code sections 87481[1] and 87482.[2]

---

[1]Education Code section 87481 provides: "Notwithstanding the provisions of Sections 87478 and 87480, the governing board of a community college district may employ as an instructor, for a complete school year, but not less than one semester, during a school year unless the date of rendering first paid service begins during the second semester and prior to March 15th, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a vacant position requiring certification qualifications, be classified by the governing board as a contract employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a contract employee for purposes of acquiring permanent status.

"For purposes of this section 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a regular or contract employee. It shall not include a position which would be filled by a regular or contract employee except for the fact that such employee is on leave."

All references will be to the Education Code unless otherwise indicated.

[2]Section 87482 provides: "Notwithstanding the provisions of Section 87480, the governing board of a community college district may employ as an instructor in grade 13 or 14, for a complete school year but not less than a complete semester or quarter during a school year, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be

## FACTS

Appellant was first employed by respondent college district as a temporary employee to teach 12 units in the fall 1976 semester. She was subsequently employed as a full-time temporary employee for the spring 1977 semester as well as the fall and spring semesters of the 1977-1978 school year, teaching 15 units per semester, for the purpose of replacing instructors on leave. Although appellant was hired to teach 14 units in the fall of the 1978-1979 school year, respondent college district offered her only a 3-unit teaching assignment for the spring of that year, thus restricting her to 60 percent or less of a full-time teaching assignment in an apparent attempt to prevent her from acquiring vested rights as a probationary employee under section 87482.

## DISCUSSION

Appellant's principal contention is that, since she was employed by respondent college district as a temporary employee in the fall of 1976, teaching more than 60 percent of a full-time assignment, and as a temporary sabbatical replacement in the spring of 1977 teaching full-time, pursuant to Education Code section 87482, respondent college district was required to classify her as a contract or probationary employee (see Ed. Code, § 87602, subd. (a)) when it rehired her full-time for the 1977-1978 school year. On the other hand, respondents argue that this controversy is governed exclusively by section 87481 and maintain that, since appellant was not hired to fill vacant positions, under this section she was not entitled to probationary status when she was rehired for the 1977-1978 school year.

---

based upon the need for additional certificated employees for grades 13 and 14 during a particular semester or quarter because of the higher enrollment of students in those grades during that semester or quarter as compared to the other semester or quarter in the academic year, or because a certificated employee has been granted leave for a semester, quarter, or year, or is experiencing long-term illness, and shall be limited, in number of persons employed, to that need, as determined by the governing board.

"Such employment may be pursuant to contract fixing a salary for the entire semester or quarter.

"No person shall be so employed by any one district for more than two semesters or quarters within any period of three consecutive years.

"Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties shall be classified as a temporary employee, and shall not become a contract employee under the provisions of Section 87604."

Prior to the reorganization of the Education Code in 1976 with the enactment of Statutes 1976, chapters 1010 and 1011, provisions governing community colleges might be found dispersed throughout the Education Code. While some code sections referred specifically to community colleges, others did not, and it became necessary that the courts determine which provisions pertaining generally to "school districts" applied only to the K-12 system and which also encompassed the community college system. (See, generally, Final Report of the Ad Hoc Advisory Committee, Plan for the Reorganization of the Education Code (Feb. 1975) pp. 7-11, 21-23.)

The employment classification system for public educational institutions in effect prior to the reorganization of the Education Code was characterized by one court as "complex and obscure" and governed by inconsistent provisions. (*Santa Barbara Federation of Teachers* v. *Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223, 228 [142 Cal. Rptr. 749].) This court, in *Covino* v. *Governing Board* (1977) 76 Cal. App.3d 314, 320-321 [142 Cal.Rptr. 812], recognized such inconsistency between former Education Code sections 13337.3 [3] and 13337.5,[4] the predecessor statutes to sections 87481 and 87482 respectively. There, we held that former section 13337.3 applied only to the K-12 system while the employment of community college instructors was governed by section 13337.5. (*Id.* at pp. 321-322.)[5]

In its final report submitted to the Assembly Committee on Education, the advisory committee appointed to study the reorganization of the Education Code also recognized that former sections 13337.3 and

---

[3]The wording of former section 13337.3 was nearly identical to that of section 87481 *except* that the first sentence of that statute referred to former sections 13336 and 13337 of the Education Code instead of sections 87478 and 87480, and to "the governing board of a school district" instead of "the governing board of a community college district."

[4]The wording of former section 13337.5 was nearly identical to that of section 87482 except that the first sentence referred to former section 13337 instead of section 87480.

[5]Our holding was consistent with case law which, before and since, assumed that 13337.3 applied to the K-12 system (see, e.g., *California Teachers Assn.* v. *Pasadena Unified Sch. Dist.* (1978) 79 Cal.App.3d 556, 559 [145 Cal.Rptr. 100]; *American Federation of Teachers* v. *Board of Education* (1977) 77 Cal.App.3d 100, 106-107 [143 Cal.Rptr. 264]; *Paulus* v. *Board of Trustees* (1976) 64 Cal.App.3d 59, 62 [134 Cal.Rptr. 220]) and that section 13337.5 applied to the community college system (see, e.g., *Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369, 375 [155 Cal.Rptr. 679, 595 P.2d 113]; *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828-829 [114 Cal.Rptr. 589, 523 P.2d 629].)

13337.5 appeared to be at least in part conflicting and recommended that 13337.3 be reenacted solely under the division governing the K-12 system and that it not be reenacted under the division pertaining to community colleges. (Final Report of the Ad Hoc Advisory Committee, *supra*, pp. 31-32, 39, E 24-25; see also Final Report of the Review Committee on the Plan to Reorganize the Education Code (Feb. 1975) pp. 5-7, 42-43.) The Legislature, however, chose not to follow this recommendation and reenacted both former sections 13337.3 and 13337.5 under the division pertaining to community colleges as sections 87481 and 87482 respectively.

█ It is a cardinal rule of statutory construction that statutes relating to the same subject matter must be read together and reconciled whenever possible to avoid nullification of one statute by another. (See *Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 6-7 [128 Cal.Rptr. 673, 547 P.2d 449]; *Organization of Deputy Sheriffs* v. *County of San Mateo* (1975) 48 Cal.App.3d 331, 340 [122 Cal.Rptr. 210]). The statutes in the instant case can only be reconciled if, to the extent section 87482 appears inconsistent with section 87481, it is read as a subdivision of that section. █ Thus, as applied to the instant case, we read section 87481 as concerned with the employment of certificated instructors to replace persons on leave and the classification of such instructors as temporary employees, subject to the limitation contained in the second paragraph pertaining to the reemployment of such persons to fill vacant positions. As we interpret it, section 87482 contains a further limitation upon the classification of such employees, prohibiting the community colleges from classifying as temporary instructors those persons employed for more than two semesters or quarters within a period of three consecutive years. (See 62 Ops.Cal. Atty.Gen. 49 (1979).)

Pointing to Education Code section 3 which provides that "[t]he provisions of this code, insofar as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations, and not as new enactments," respondents submit that sections 87481 and 87482 should be interpreted as reenactments of predecessor statutes. They urge that the interpretation of section 87842 is governed by *Santa Barbara Federation of Teachers* v. *Santa Barbara High Sch. Dist., supra,* 76 Cal.3d 223 at page 235 which, in interpreting the term "vacant" of former section 13337.3, the predecessor to section 87481, concluded that school districts might continue indefinitely to hire instructors as temporary

employees so long as it might be shown that the number of temporary employees hired did not exceed the number of regular and probationary staff on leave or experiencing long term illness. Respondents maintain that this interpretation cannot reasonably be reconciled with section 87482.

Section 87481, however, applies to community colleges while former section 13337.3 applied to the K-12 system. Section 3 of the reorganized Education Code therefore does not apply. (See *Covino v. Governing Board, supra,* 76 Cal.App.3d 314, 322.) ▮ Moreover, respondents have overlooked the rule of statutory construction that where specific provisions of different sections of a chapter or article which were intended to take effect at the same time are found to be partially or totally conflicting, the provisions of the section last in numerical order must prevail, unless such construction is inconsistent with the intent of that chapter or article. (See *Hartford Acc. etc. Co.* v. *City of Tulare* (1947) 30 Cal.2d 832, 835 [186 P.2d 121]; *People v. Moroney* (1944) 24 Cal.2d 638, 645 [150 P.2d 888]; *Sanders* v. *County of Yuba* (1967) 247 Cal.App.2d 748, 751 [55 Cal.Rptr. 852]; Civ. Code, § 23.6.)

To hold, as respondents urge, that section 87481 exclusively controls the instant case would effectively strike a major portion of section 87482, specifically paragraph three. This construction would do violence to a clearly stated legislative intent.

▮ For the foregoing reasons, we hold that the provisions of the third paragraph of section 87482, as a further limitation on the provisions of section 87481, governs the present controversy. Our holding is in harmony with the general policy of the teacher classification system to afford teachers some measure of employment security. (*Curtis* v. *San Mateo Junior College Dist.* (1972) 28 Cal.App.3d 161, 165 [103 Cal. Rptr. 33].) Moreover, because temporary employees are not afforded certain important procedural rights enjoyed by probationary and regular employees, the courts have strictly interpreted the statutes authorizing their employment. (See *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821, 826; *Santa Barbara Federation of Teachers* v. *Santa Barbara High Sch. Dist., supra,* 76 Cal.App.3d 223, 228, 240.) While it is also the policy of the law authorizing temporary employment of teachers to permit flexibility in teacher assignments and to prevent overstaffing (see *Santa Barbara Federation of Teachers, supra,* at pp. 232-234; *Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 41 [112

Cal.Rptr. 27]), our holding does not in any meaningful way impair such flexibility, for, under section 87482 authorizing the indefinite hiring of temporary employees for 60 percent or less of full-time assignments, community college districts retain considerable control over the hiring of temporary and probationary staff.

We find no merit in respondents' argument that appellant's employment contract providing that she would at all times be classified as a temporary employee should be deemed controlling. Both statutory and case law prohibit the waiver of benefits afforded by the tenure law. (§ 87485; *Covino v. Governing Board, supra,* 76 Cal.App.3d 314, 322-323.)[6]

The judgment is reversed.

Rouse, Acting P. J., and Miller, J., concurred.

---

[6]Respondents concede that it follows from our resolution of this issue in favor of appellant that she was entitled to classifications in accordance with the tenure law after her first year's employment.