103 Cal.Rptr.2d 62 (2001)
86 Cal.App.4th 211
The COUNTY OF RIVERSIDE, Petitioner,
v.
The SUPERIOR COURT of the County of Riverside, Respondent;
Xavier Martin Madrigal, Real Party in Interest.
No. E026321.
Court of Appeal, Fourth District, Division Two.
December 15, 2000.
As Modified on Denial of Rehearing January 16, 2001.
Review Granted March 14, 2001.
*64 Lewis, D'Amato, Brisbois & Bisgaard and Christopher D. Lockwood, San Bernardino, for Petitioner.
No appearance for Respondent.
Michael Stone Lawyers, Michael P. Stone, Pasadena, and Muna Busailah, for Real Party in Interest.

*63 OPINION
WARD, Acting P.J.
In this original proceeding the petitioner, County of Riverside ("County"), asks this court to vacate an order of the trial court by which it required the County to disclose to real party in interest, Xavier Martin Madrigal (Madrigal), certain items in his personnel file. We conclude that the trial court was correct and accordingly deny the petition.[1]

STATEMENT OF THE CASE
The underlying lawsuit is an action for damages brought by real party in interest Madrigal. Madrigal was employed by the City of Perris as a police officer with permanent status when that municipality decided to contract with the County for the provision of law enforcement services, thus dissolving the police department. The County "absorbed" the Perris officers, who became deputy sheriffs. However, these deputies, of whom Madrigal was one, were apparently considered to be "on probation" and the County conducted the same background checks on the "new" deputies as it would with any applicant for employment.
*65 Madrigal was discharged, apparently in response to information collected by the County in the course of preparing a background report. Madrigal then brought this action for damages and injunctive relief. He asserts that the County is providing the information to prospective new employers, who reject Madrigal on the basis of what he claims to be inaccurate information.
In the relevant proceedings below, Madrigal sought discovery of two reports withheld by the County: one summarizing the County's findings from the background check, and the other commenting on a polygraph examination in which Madrigal participated.[2]
The County objected, claiming that both documents were not only privileged, but that Madrigal had also waived any right to inspect them. The trial court disagreed and ordered disclosure, with redaction of the names of any informants. The County seeks review of this ruling. In support of its position, it raises three arguments, two of which are closely intertwined: first and second, that the documents were privileged and that public policy requires that the documents not be disclosed; and third, that Madrigal waived any right to see them.

I. Discussion
The issues of privilege and public policy are related, because privileges are generally created to reflect a public policy. (See Houghtaling v. Superior Court (1993) 17 Cal.App.4th 1128, 1137, 21 Cal.Rptr.2d 855.) County claims that the documents are privileged from disclosure as "official information" (Evid.Code, § 1040), informant information (Evid.Code, § 1041), and under the nonstatutory "deliberative process" privilege. The County also points to Government Code section 1031.1, subdivision (e), which provides that information provided by a former employer to a law enforcement agency concerning an applicant for a peace officer position "shall be deemed confidential."
County argues generally that there is a strong public interest in the ability of a law enforcement agency to obtain candid and accurate information about applicants. We do not question this position. However, the "absolute privilege" in this respect upon which the County relies merely protects the party who discloses information from tort liability, e.g., for defamation. (See Bardin v. Lockheed Aeronautical Systems Co. (1999) 70 Cal.App.4th 494, 504, 82 Cal.Rptr.2d 726; O'Shea v. General Telephone Co. (1987) 193 Cal.App.3d 1040, 1048-1049, 238 Cal.Rptr. 715.) The County's reliance upon such language to support its claim that such information need never be disclosed by the receiving agency is misplaced. The only real significance of Government Code section 1031.1 is that it establishes that the information provided "shall be deemed confidential."
However, the statute only applies on its face to inquiries made by a law enforcement agency about a person "not currently employed as a peace officer...." (Gov. Code, § 1031.1.) In his complaint Madrigal alleges that he began his employment with the County on April 11, 1996. The reports at issue contain only information solicited and obtained by the County after that time. Despite the County's insistence on describing Madrigal as an "applicant," he was not an applicant. He was at all times a functioning police officer. Thus, although there are similarities between Madrigal's position and that of an applicant, we have serious doubt that Government Code section 1031.1 applies so as to make the information in the records automatically "confidential."
Evidence Code section 1040 defines "official information" as "information acquired in confidence by a public employee in the course of his or her duty...." Evidence Code section 1040 also provides that "[a] public entity has a privilege to refuse to disclose official information...." Thus, *66 if the information is not presumptively "confidential" it was incumbent upon the County to show that it was, in fact, received in confidence, as the party claiming a privilege normally has the burden of establishing the applicability of the privilege. (See, e.g., D.I. Chadbourne, Inc. v. Superior Court (1964) 60 Cal.2d 723, 729, 36 Cal.Rptr. 468, 388 P.2d 700 [attorneyclient]; Bridgestone/Firestone, Inc. v. Superior Court, supra, 7 Cal.App.4th 1384, 1393, 9 Cal.Rptr.2d 709 [trade secret].)
County's showing in this respect was deficient. It relied on a declaration by deputy sheriff Randy Throne (Throne) which contained generalities but nothing specific to this case; he did not state, for example, that the informants in this case had requested or been promised confidentiality. Although the County asserted that it had solicited information from Madrigal's previous employers under a promise of confidentiality, the copies of the request letters had the names of the recipients blocked out and no declaration confirmed that these letters were in fact sent to the persons providing information in this case. Nevertheless, to expedite our disposition, we will assume that the information was obtained in confidence within the meaning of Evidence Code section 1040.
The privilege afforded by that section is also contingent upon a showing of necessity. That portion of the statute quoted above conditions the privilege upon a showing that "[d]isclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interests of justice...." (Evid.Code, § 1040.) In other words, it is not enough that the information has been acquired in confidence. The public entity resisting disclosure must also show that there is a need to preserve the confidentiality of the information. (See People ex rel. Dept. of Public Works v. Glen Arms Estate, Inc. (1964) 230 Cal.App.2d 841, 847, fn. 1, 41 Cal.Rptr. 303; see also Gov.Code, § 6255, explicitly requiring the government to justify withholding documents from public disclosure.) Here too the County's showing, again primarily based on Throne's declaration, was general and conclusory. In the particular circumstances of this case we find it was insufficient.
The background report contains information obtained primarily from Madrigal's previous employers. As we have said above, we are willing to assume that most employers would be reluctant to provide negative information about an employee without a promise of confidentiality, and that the enforcement of such confidentiality is necessary to encourage full cooperation.[3] However, these employers were other law enforcement agencies for whom Madrigal had worked. We are not willing to assume that representatives of a law enforcement agency need any encouragement to report truthfully about an officer who is seeking employment with another agency, or that they would speak only in the expectation of confidentiality.[4]
Nor do we see any other compelling argument for secrecy. Although confidentiality may be appropriate to protect a private person against retaliation or other unpleasantness, these concerns do not apply where the reporting employer is a law enforcement agency. On the other hand, if a law enforcement agency has acted intemperately or in bad faith, no public policy supports an attempt to conceal such actions.
*67 We do not hold that Evidence Code section 1040 never provides an effective privilege against disclosure of material gathered by a law enforcement agency from other agencies. However, the County failed to show that the particular circumstances of this case, or the type of material provided by the previous employers, weighed in favor of maintaining confidentiality. On the other side of the balance, Madrigal has allegedly found the doors of law enforcement barred to him and his career destroyed for reasons he claims he cannot guess. He cannot clear his name if he does not know what has besmirched it, or address the concerns of prospective employers if he does not know what they are. The privilege does not prevail here.[5]
County also argues that the informant privilege applies. The trial court did order that the names of informants be redacted, consistent with Evidence Code section 1041.[6] The County argues that this was insufficient because "there is only one potential source of information" but does not explain the assertion. Accordingly, we decline to consider it further.[7]
Finally, the County raises the "deliberative process" privilege, arguing that disclosure of the information would permit intrusion into its decision-making processthat is, into the decision to terminate Madrigal. We need not decide whether the privilege extends to such a routine decision because the applicability of the privilege depends generally on the same balancing of interestsneed for disclosure against need for concealment which we have already decided in Madrigal's favor. (See generally Times Mirror Co. v. Superior Court (1991) 53 Cal.3d 1325, 1344, 283 Cal.Rptr. 893, 813 P.2d 240.)[8]

II
We have found above that the reports were not protected by any privilege. However, the County also asserts that Madrigal waived any right to see them. It relies primarily[9] upon the following documents signed by Madrigal: 1) "Authorization to Release Information" dated September 19, 1993, in which Madrigal acknowledges that he "will not receive and am not entitled to know the contents of confidential reports received," 2) a document dated March 20, 1996, in which Madrigal acknowledges that, "I will be given NO FEEDBACK" concerning the background investigation to be conducted by the County, and that "these records are *68 Confidential [sic ]," and 3) a "Release and Waiver" also dated March 20, 1996, in which Madrigal agrees to "waive any right or opportunity to read or review any background investigation report prepared by the Riverside County Sheriffs Department."
We need not determine the scope of this waiverwhether or not it should fairly be interpreted to cover discovery rights in subsequent litigationbecause we find that, insofar as the County purported to require Madrigal to waive his rights under the Public Safety Officers' Procedural Bill of Rights (hereinafter POBR) as set out in Government Code section 3300 et seq., the waiver was ineffective as against public policy. As the documents in question are subject to POBR rights, the waivers do not apply here.[10]
The POBR was enacted out of a legislative recognition that "effective law enforcement depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers" and that the enacted provisions must apply statewide in order "to further assure that stable relations are continued throughout the state and to further assure that effective services are provided to all people of the state." (Gov. Code, § 3301.) A crucial purpose of the POBR is to avoid the adverse consequences of labor unrest and strikes by peace officers. (Binkley v. City of Long Beach (1993) 16 Cal.App.4th 1795, 1805, 20 Cal.Rptr.2d 903 .) The exercise of rights under the POBR cannot be the basis for any punitive action. (Gov. Code, § 3304, subd. (a).) Thus, it is clear that the POBR reflects a strong public policy designed to protect the public by providing procedural protections to peace officers in order to stabilize their employment relationships.
An applicant for police employment is not entitled to rights under the POBR, and this rule applies even to accepted applicants in training, but who have not been sworn in. (Burden v. Snowden (1992) 2 Cal.4th 556, 569-570, 7 Cal. Rptr.2d 531, 828 P.2d 672, noting that public safety is unlikely to be adversely affected by dissatisfaction among recruit trainees.) However, as a probationary officer for the County, Madrigal did have POBR rights. (See Riveros v. City of Los Angeles (1996) 41 Cal.App.4th 1342, 1358-1359, 49 Cal.Rptr.2d 238.) Such a result is consistent too with Burden v. Snowden, supra, 2 Cal.4th 556, 7 Cal.Rptr.2d 531, 828 P.2d 672, because, unlike unsworn trainees, probationary officers are actively serving and carrying out crucial police functions. Again we reject the County's position that Madrigal was simply an "applicant." Certainly the County could have required him to apply for work as a deputy sheriff. But it did not. Instead, probably to effect a seamless transfer of authority and uninterrupted service, the County simply accepted the Perris officers as probationary, but fully active, law enforcement personnel. By doing so, the County avoided the necessity of recruiting and training new deputies and was able promptly to assume its contractual duties.[11] Having chosen to proceed in this manner, the County must accept the burden with the benefit and recognize Madrigal's POBR rights.
"Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." (Civ.Code, § 3513.) The County argues that the POBR creates a private benefit for officers such as Madrigal, but as our discussion above makes clear, we think this view of the act is too limited. We acknowledge that "[s]ome public benefit is however inherent in most legislation" and that more than a merely "incidental" public *69 benefit is necessary before Civil Code section 3513 applies. (Bickel v. City of Piedmont (1997) 16 Cal.4th 1040, 1049, 68 Cal.Rptr.2d 758, 946 P.2d 427 (Bickel).) Accordingly, in Bickel the Supreme Court held that a developer could waive the statutory time limitations during which a public entity must act on development permits before they would be deemed approved. (Ibid.) Although the requirements did benefit nearby landowners by expediting decisions affecting them, and might save public money by decreasing delay and inefficiency, such benefits were only incidental to the primary benefit running to the applicant. (See also Cowan v. Superior Court (1996) 14 Cal.4th 367, 372-375, 58 Cal. Rptr.2d 458, 926 P.2d 438 [despite incidental public benefits of speedy justice, statute of limitations may be waived by criminal defendant].) By contrast, in Covino v. Governing Board (1977) 76 Cal.App.3d 314, 142 Cal.Rptr. 812, cited in Bickel, supra, 16 Cal.4th 1040, 68 Cal.Rptr.2d 758, 946 P.2d 427, the court held that a temporary teacher could not waive tenure rights which were "elaborately regulated by the Education Code [and] reflect the public policy of the state." (Covino v. Governing Board, supra, 76 Cal.App.3d at p. 322, 142 Cal.Rptr. 812.) Also relevant is De Haviland v. Warner Bros. Pictures (1944) 67 Cal.App.2d 225, 235, 153 P.2d 983, in which the court refused, on the basis of public policy, to countenance a claimed waiver of the statutory seven-year limitation on personal services contracts.
If a sufficiently powerful and nonwaivable public policy prevents a well-known and well-paid actress from agreeing to be bound to a movie studio for more than seven years (De Haviland v. Warner Bros. Pictures, supra, 67 Cal.App.2d 225, 153 P.2d 983), surely Civil Code section 3513 similarly applies to prevent a police officer from waiving those rights which are designed to ensure harmonious employment relations and uninterrupted public protection.
The County further argues, however, that none of the information soughtor ordered to be producedis reviewable under the POBR because it was never placed in Madrigal's personnel file and Government Code section 3305 only permits, an officer to inspect material placed in his "personnel file or any other file used for personnel purposes." As the court made clear in Aguilar v. Johnson (1988) 202 Cal.App.3d 241, 251, 247 Cal. Rptr. 909, it is immaterial that the employing agency chooses to place a document otherwise covered by the inspection and comment statutes in a file other than the standard "personnel file." The statutory rights similarly apply, and may not be circumvented, even if the derogatory material is not placed in a "file" at all. (See Miller v. Chico Unified School Dist. (1979) 24 Cal.3d 703, 711-713, 157 Cal.Rptr. 72, 597 P.2d 475, construing similar inspection and comment provisions in the Education Code.) The crux, again, is Madrigal's employment status as a peace officer. He was not a mere applicant, and the information collected by the County did not remain in a sort of personnel limbo. If it did not in fact go into his personnel file, it did so constructively, and his rights of inspection applied.
In summary, County may not rely on privilege because even if any privilege might apply, Madrigal's legitimate need for the documents outweighs any possible need for confidentiality. Furthermore, County could not require Madrigal, as an employed peace officer, to waive his rights of inspection under the POBR and insofar as he purported to do so, he is not bound. He therefore is not barred or estopped from seeking to compel disclosure of the documents. The trial court properly ordered the County to provide them.
The petition for writ of mandate is denied. Real party to recover his costs.
McKINSTER, J., and GAUT, J., concur.
NOTES
[1] When the Supreme Court issues a "grant and transfer" order with respect to a writ petition which an appellate court has summarily denied, and directs that court to issue either an alternative writ or order to show cause, the intermediate court is not required to alter its original decision. The order may only reflect that the Supreme Court believes that the petition raises issues which deserve a formal opinion clearly on the merits. (See Bridgestone/Firestone, Inc. v. Superior Court (1992) 7 Cal.App.4th 1384, 1389, fn. 4, 9 Cal.Rptr.2d 709.) Examples of such cases in which the Courts of Appeal held to its original views are, if not legion, at least not uncommon. (E.g. Toyota Motor Sales U.S.A., Inc. v. Superior Court (1996) 46 Cal.App.4th 778, 781, 54 Cal.Rptr.2d 22; Gonzalez v. Superior Court (1995) 33 Cal.App.4th 1539, 1542, 39 Cal.Rptr.2d 896.) Of course, the case is altered somewhat if the Supreme Court includes directions that specific authority be considered (see e.g. Andre v. Superior Court (1991) 2 Cal.App.4th 11, 14, 2 Cal.Rptr.2d 815), but that is not a factor here.

In his answer and return to the petition, Madrigal included a declaration by his counsel detailing the purported effects of the withheld material on Madrigal's professional career and the County's probable motives and strategies for concealing it, among other issues. We sustain the County's objection to the factual material and have not considered it.
[2] Both reports have been submitted to this court under seal.
[3] However, we note that Government Code section 1031.1 authorizes a law enforcement agency to obtain a court order compelling disclosure from a reluctant former employer. Thus, although confidentiality may be a carrot, there is also a stick heavy enough to make the carrot almost irrelevant.
[4] The second item sought by Madrigal is the polygraph report resulting from his examination. No effort was made by the County to establish that the reporting examiner expected that it would remain confidential.
[5] The report does include information from one citizen. This person's information was, if anything, exculpatory to Madrigal and the person expressed a favorable view of him. The report does not reflect that this person asked for, or was offered, confidentiality in return for the comments and with respect to this person we will not assume that confidentiality was a factor in his/her decision to speak with the investigators. Thus, as to the comments by this person reflected in the report, Evidence Code section 1040 does not even apply presumptively. We also note that the trial court ordered that the names of informants be redacted.
[6] "[A] public entity has a privilege to refuse to disclose the identity of a person who has furnished information ... purporting to disclose a violation of ... law." (Evid.Code, § 1041.) We note that much of the information does not involve criminal conduct; however, Madrigal has not challenged this portion of the order.
[7] With respect to negative assertions by previous employers, the claim that there could be only a "single source" who might have commented on Madrigal's alleged deficiencies or misconduct is improbable.
[8] Given our resolution of the issues of privilege and the balancing of interests, we need not consider whether Madrigal's federal civil rights claim (19 U.S.C. § 1983 et seq.) would bring into play a different analysis based on the primacy of federal law.
[9] The County also presented below several documents either dating back to Madrigal's employment with the City of Perris and relating to his application with that agency or which do not by any stretch of the imagination constitute a waiver. (E.g., an "advisement" which warned Madrigal that if he applied for a position with the County, it would conduct an investigation and might report any findings to his current employer.)
[10] Government Code sections 3305 and 3306 give a peace officer the right to inspect and comment on any "comment adverse to his interest entered in his personnel file, or any other file used for any personnel purposes."
[11] Which presumably returns some profit to the County.