EDMUND G. BROWN JR.Attorney General TAYLOR S. CAREY Deputy Attorney General.
THE HONORABLE MARSHALL RUDOLPH, COUNTY COUNSEL, COUNTY OF MONO, has requested an opinion on the following question:
Is the California Department of Transportation obligated to pay the fees adopted by a Certified Unified Program Agency under the Unified Hazardous Waste and Hazardous Materials Management Regulatory Program?
 CONCLUSION
The California Department of Transportation is obligated to pay fees adopted by a Certified Unified Program Agency under the Unified Hazardous Waste and Hazardous Materials Management Regulatory Program. *Page 2 
 ANALYSIS
In 1993, the Legislature created the Unified Hazardous Waste and Hazardous Materials Management Regulatory Program[1] to coordinate implementation of the Hazardous Waste Control Act.[2] This legislation streamlines the administrative requirements, permit requirements, inspections, and enforcement activities of six environmental and emergency response programs.[3] It is implemented at the local level by 84 government agencies certified by the Secretary of the California Environmental Protection Agency.[4]
An agency certified to implement the hazardous waste unified program within a given jurisdiction is called a Certified Unified Program Agency (CUPA). Typically, CUPAs are established as a function of a local environmental health department or fire department pursuant to an agreement subject to the approval of the Secretary of Cal/EPA.[5]
The unified program requires Cal/EPA to adopt consolidated regulations for the management of hazardous materials.[6] Further, and what is central to the issues presented here, the unified program requires each CUPA to institute a single-fee system to replace the multiplicity of fees that were assessed under the old system.[7] We are informed that a number of state and federal government agencies currently pay fees under the CUPA program, including the California Department of Transportation (Caltrans), the California *Page 3 
Department of Corrections and Rehabilitation, the University of California, state universities, state hospitals, the Department of General Services, the California Department of Forestry, the California Highway Patrol, and the California National Guard, as well as the Federal Aviation Administration, all four branches of the United States military, the United States Department of Veterans Affairs, and the Federal Bureau of Prisons. The question presented for our consideration is whether Caltrans must continue to pay CUPA fees. We conclude that it must.
Although the CUPA legislation did not repeal the statutes imposing the various pre-existing fees, the new law excuses those who pay a unified fee from paying fees that would otherwise have been required.[8]
Proceeds from the fees are deposited in the Unified Program Account and appropriated by the Legislature to state agencies for the purpose of implementing the unified program.[9]
Unified fees are established by each CUPA and are to be paid by "each person regulated by the unified program under the single fee system. . . ."[10] Is Caltrans a "person" for purposes of the statute? We conclude that it is. Although the word "person" is not specifically defined within the CUPA legislation itself, the regulations implementing the statute specify that a state department or agency is a "person" to whom the CUPA provisions apply.[11] Regulations such as these, which have been authorized by enabling legislation and adopted by the agency responsible for its administration, are as binding as the enabling statute itself.[12]
The CUPA law does not exempt Caltrans, or any other state or local agency, from the single-fee system. Neither do the statutory provisions establishing the powers and *Page 4 
duties of Caltrans itself.[13] Therefore Caltrans — like other public agencies engaged in activities under a CUPA's jurisdiction — is subject to the single-fee system unless exempted under other applicable laws or court decisions.
We now turn to the question whether there is any law that would create an exception to the single-fee system for public agencies. As a general rule, public entities are exempt from property taxes and "special taxes," but are subject to "user fees"[14] and "regulatory fees."[15] A user fee is "a voluntary collection [that] a payer tenders in exchange for a benefit not shared by the general public," such as goods or services.[16]
For example, a fee for filing a document in court is a user fee, [17]
as are local building-permit and inspection fees.[18] "[W]hen one tax-supported entity provides goods or services to another, neither the California Constitution nor decisional law exempts the public entity from paying for these goods or services."[19]
A regulatory fee is a form of user fee imposed under the government's police power.[20] It "must not exceed the reasonable cost of the services necessary for the activity for which the fee is charged and for carrying out the purpose of the regulation; they may not be levied for unrelated purposes."[21] Regulatory fees, however, may have a wider *Page 5 
scope than other user fees. "A regulatory fee is enacted for purposes broader than the privilege to use a service or to obtain a permit. Rather, the regulatory program is for the protection of the health and safety of the public."[22]
Distinguishing permissible fees from impermissible taxes requires an inquiry not merely into the form of the charge — a characteristic that can too easily be manipulated — but into its purpose.[23] Looking at all the circumstances here, however, we are convinced that CUPA fees are valid regulatory fees. Unlike taxes, CUPA fees are imposed not upon the property of the fee payer, but upon regulated persons for services rendered by the certified agency. The fees are charged only to regulated persons actually using CUPA services, and the amount of the charge is generally related to the actual services performed.
As we have discussed, regulatory fees do not need to be as narrowly tailored as fee-for-service charges, and they may properly include the costs of regulation. The fee "does not have to be precisely calibrated to the use that a party makes of Government services. . . . [It need only] be a fair approximation of the cost of benefits supplied."[24]
Regulatory fees may take into account not only the expenses of regulation, but also costs "incident to the issuance of the license or permit, investigation, inspection, administration, maintenance of a system of supervision and enforcement."[25] Here, the fee statute expressly provides that, "The amount to be paid by a person regulated by the unified program may be adjusted to account for the differing costs of administering the unified program with respect to that person's regulated activities."[26] We conclude, therefore, that the fees authorized under the CUPA law are valid regulatory user fees permissible under the state Constitution. *Page 6 
It has been suggested that Government Code section 6103, which generally exempts the state, its agencies, and its departments, among others, from document filing fees and from fees for official services, also excuses the state and its agencies (such as Caltrans) from CUPA fees. We disagree.
Section 6103 provides that, "Neither the state . . . nor any public officer or body, acting in his official capacity on behalf of the state, . . . shall pay or deposit any fee . . . for the performance of any official service. . . . This section does not apply . . . where it is specifically provided otherwise." To begin with, we have previously concluded that a user fee is "not a fee for an `official service' such as filing court documents," and therefore that section 6103 does not exempt agencies from paying for the goods and services they use.[27] Besides, section 6103 by its own terms does not apply "where it is specifically provided otherwise." In this case, the CUPA law specifically provides otherwise by including governmental agencies within the class of persons regulated by the unified program.[28] It is not necessary for the Legislature to make a specific reference to section 6103 in order to create an exception to it.[29] We believe the Legislature has made an effective exception to section 6103 here by authorizing an all-inclusive fee structure in a manner that is generally applicable to state agencies.[30]
Finally, as evidence of the Legislature's intent that government entities be subject *Page 7 
to CUPA fees, we note that the CUPA law was recently amended to place responsibility for implementing the Aboveground Petroleum Storage Tank Act under the unified program agencies.[31] The new statute includes a proviso to permit, but not require, a CUPA to waive certain fees under the single-fee system when the fee payer is a state or local governmental agency.[32] This fee-waiver provision would have been unnecessary if the entities to be excused were not already subject to the fees. We cannot entertain an interpretation that would make some words of the statute mere surplusage.[33] Therefore, we regard the waiver provision as further evidence that the CUPA single-fee system is applicable to state agencies.
For the foregoing reasons, we conclude that the California Department of Transportation is obligated to pay fees adopted by a Certified Unified Program Agency under the Unified Hazardous Waste and Hazardous Materials Regulatory Program.
[1] Health Safety Code §§ 25404-25404.9.
[2] Health Safety Code §§ 25100 et seq.
[3] The programs consolidated under the law are: hazardous waste control, Health Safety Code, chapter 6.5 (commencing with § 25100); above-ground storage tanks, chapter 6.67 (commencing with § 25270); underground storage tanks, chapter 6.7 (commencing with § 25280); hazardous materials release response plans and inventories, chapter 6.95, article 1 (commencing with § 25500); accidental release prevention program, chapter 6.95, article 2 (commencing with § 25531); and hazardous material management plans and inventories (Unif. Fire Code § 80.103).
[4] See www.calepa.ca.gov/CUPA/default.htm.
[5] Id.
[6] Health Safety Code § 25404(b); see Cal. Code Regs. tit. 27, §§ 15100-16150.
[7] Health Safety Code § 25404.5(a).
[8] Health Safety Code § 25404.5(a).
[9] Health Safety Code § 25404.5(b)(1).
[10] Health Safety Code § 25404.5(a)(2)(A).
[11] Cal. Code Regs. tit. 27, § 15110(h)(1)(A) ("regulated business" includes "person" as defined in Health Safety Code § 25118
("`[p]erson' . . . includes any city, county, district, commission, the state or any department, agency, or political subdivision thereof . . .").
[12] Yamaha Corp. of Am. v. St. Bd. of Equalization, 19 Cal. 4th 1, 10, 11 (1998). The Secretary of the Department of Toxic Substances Control is empowered to adopt implementing regulations and to implement a unified hazardous waste and hazardous materials management regulatory program. Health Safety Code § 25404(b).
[13] See Govt. Code §§ 14000-14557.1.
[14] San Marcos Water Dist. v. San Marcos Unified Sch. Dist.,42 Cal. 3d 154, 160-161 (1986).
[15] Sinclair Paint Co. v. St. Bd. of Equalization, 15 Cal. 4th 866,875-876 (1997).
[16] Samuel D. McVey, State Environmental Permit Fees Charged toFederal Facilities: Distinguishing Legal User Fees, 29 Santa Clara L.Rev. 879, 885 (1989).
[17] Townzen v. El Dorado, 64 Cal. App. 4th 1350, 1359 (1998); Govt. Code § 26826(a) (charge on defendants for filing first responsive pleading is user fee, not special tax).
[18] Regents of U. of Cal. v. City of Santa Monica,77 Cal. App. 3d 130, 136-137 (1978) (plan-checking and inspection fees imposed pursuant to local ordinance were user fees within meaning of Government Code section 6103).
[19] San Marcos Water Dist., 42 Cal. 3d at 161.
[20] Sinclair Paint Co., 15 Cal. 4th at 875.
[21] Isaac v. City of Los Angeles, 66 Cal. App. 4th 586, 596
(1998).
[22] Cal. Assn. of Prof. Scientists v. Dept. of Fish Game,79 Cal. App. 4th 935, 950 (2000).
[23] See San Marcos Water Dist., 42 Cal. 3d at 163; see also Regents ofU. of Cal. v. East Bay Mun. Utility Dist., 130 Cal. App. 4th 1361,1375, 1376 (2005).
[24] Ehrlich v. City of Culver City, 12 Cal. 4th 854, 895 (1996) (citing U.S. v. Sperry Corp., 493 U.S. 52, 60 (1989)) (internal quotation marks and citations omitted).
[25] United Bus. Commn. v. City of San Diego, 91 Cal. App. 3d 156,165 (1979).
[26] Health Safety Code § 25404.5(a)(4); see also Govt. Code § 54985
(authorizing local government entities to adjust fees commensurate with cost of providing products and services); Cal. Code Regs. tit.27, § 15220(a) (encouraging cost-effective operation of program for which single fee is assessed).
[27] 84 Ops.Cal.Atty.Gen. 61, 64 (2001) (city may impose user fee on all affected parcels of property, including school district's, according to per-parcel runoff formula, to cover costs incurred under Federal Water Pollution Control Act).
[28] Health Safety Code § 25404.5; Cal. Code Regs. tit.27, § 15110(h)(1)(A).
[29] See Anaheim City School Dist. v. Co. of Orange,164 Cal. App. 3d 697, 702 (1985) (holding that Government Code section 6103 did not apply where Government Code section 25283 "specifically provides otherwise: `The board [of supervisors] may collectcompensation from private or public parties for the right to dump. . . .'").
[30] We are also mindful that, as a matter of statutory interpretation, "a special statute takes precedence over a general one whether it was passed before or after the adoption of the general enactment." Covino v. Governing Bd., 76 Cal. App. 3d 314, 321 (1977) (citations omitted). Therefore, because Health Safety Code section25404.5 specifically authorizes the CUPA single-fee system, its provisions take priority over the general provisions of Government Code section 6103. See Co. of Fresno v. Clovis Unified Sch. Dist.,204 Cal. App. 3d 417, 429 n. 2 (1988).
[31] 2007 Stat. ch. 626 (Assembly 1130) (effective Jan. 1, 2008).
[32] Health Safety Code § 25270.6.
[33] See Dyna-Med, Inc. v. Fair Empl. Hous. Commn., 43 Cal. 3d 1379,1397 (1987). *Page 1