Filed 6/17/14  P. v. Jones CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B251204 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA032267) |
| v. | |
| DEVIN DESHON JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Reversed and remanded.

Jonathan B. Steiner, Executive Director, California Appellate Project, Suzan E. Hier, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters and Victoria B. Wilson, Assistant Attorneys General, Noah P. Hill and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Devin DeShon Jones appeals from the denial with prejudice of his petition for recall of sentence pursuant to the Three Strikes Reform Act of 2012. Defendant suffered 1995 convictions for inflicting corporal injury on a spouse or co-inhabitant in violation of Penal Code[1] section 273.5, subdivision (a) (count 1) and making criminal threats, formerly called "terrorist threats," in violation of section 422 (count 2).[2] The crimes were alleged to have been committed in September 1994. The information alleged that defendant had suffered two 1990 convictions of serious or violent felonies, i.e., robbery and second degree robbery in violation of section 211 in 1990. Four prior prison term allegations were alleged pursuant to section 667.5, subdivision (b).

On May 8, 1995, the trial court denied defendant's motion to strike one or more of his prior convictions. The court found two allegations under section 667.5, subdivision (b) to be true but struck them in the furtherance of justice. The court sentenced defendant to 25 years to life in counts 1 and 2 under the Three Strikes law (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)) and ordered the sentences be served concurrently.

Defendant appeals on the ground that the trial court's finding that he was ineligible for recall of his sentence was contrary to the requirements of section 1170.126.

## DISCUSSION

### I. The Petition

In his August 20, 2013 petition, defendant argued that he qualified for recall of sentence and resentencing to a determinate second-strike sentence pursuant to section 1170.126, which was adopted by Proposition 36, section 6 at the November 6, 2012 general election, and which was effective the following day. He asserted that corporal injury to a spouse and criminal threats were not serious or violent felonies within the meaning of section 1192.7, subdivision (c) or section 667.5, subdivision (c), respectively,

---

[1] All further references to statutes are to the Penal Code unless stated otherwise.

[2] We do not include a statement of facts regarding defendant's crimes, since the facts are not relevant to the instant case.

in 1994 (the year he committed his crimes), or in 1995 (the year of his conviction and sentence). The crime of making criminal threats did not become a *serious* felony until the enactment of Proposition 21 on March 7, 2000, almost six years after he committed his crime and almost five years after his convictions (§ 1192.7, subd. (c)(38)). Defendant noted that making criminal threats was never a *violent* felony (§ 667.5, subd. (c)). He maintained that, for crimes committed before the effective dates of Proposition 36 and Proposition 21, all references to statutes in the Three Strikes law had to be to the statutes as they existed prior to the effective date of those acts. He contended that any other construction would violate the prohibitions against ex post facto laws. (U.S. Const., art. I, § 9; Cal. Const., art. I, § 9.) Defendant also argued he did not pose an unreasonable risk of danger to public safety.[3]

## II.  The Ruling

The trial court denied the petition with prejudice, stating that one of defendant's current convictions—criminal threats—is a serious felony pursuant to section 1192.7, subdivision (c)(38). Defendant was therefore ineligible for resentencing pursuant to section 1170.126.

## III.  Arguments on Appeal

Defendant argues that the trial court erred in denying his request for recall because sections 1170.125 and 1170.126 require a determination of whether a commitment offense is a serious felony to be based upon the statutory definition of serious or violent felonies at the time the current, or commitment, offense was committed. According to defendant, from its inception, the clear language of section 1170.125 has required new designations of serious and violent felonies to be applied going forward—to offenses committed after the effective date of the amendments to the lists of serious or violent

---

[3]     Section 1170.126, subdivision (f) provides that, even if a petitioner satisfies the criteria in section 1170.126 subdivision (e) for recall of sentence, the court has discretion to determine that resentencing a petitioner would pose an unreasonable risk of danger to public safety.

felonies. The use of the definition in effect on the date of the "current" (or commitment) offense is consistent with the intent of Proposition 36 to remedy the undue harshness of the Three Strikes law as enacted. Defendant contends this court should reverse the order denying the petition with prejudice and remand for the court to recall his sentence and impose sentence pursuant to section 1170.126.

Respondent argues at length that the trial court's order is not appealable, since defendant had no statutory right to file a petition for recall of sentence. This is because defendant's triggering offense is currently listed as a serious felony. Respondent states that, in the alternative, if this court concludes the trial court's order is appealable, the judgment should be affirmed.

## IV.  Relevant Authority

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).)

Section 1170.126 provides in pertinent part that "[t]he resentencing provisions under this section and related statutes are intended to apply exclusively to persons

4

presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).)

Section 1170.126, subdivision (b) provides: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."

Section 1170.125 currently provides: "Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994, General Election, for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed on November 7, 2012."

## V. Analysis

### A. Appealability

Courts of Appeal are split on the issue of whether a person who is found to be ineligible for resentencing under section 1170.126 may appeal from an order denying a petition to recall a sentence. The Supreme Court has granted review to consider whether such an order may be appealed. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted Jul. 31, 2013, S211708 [an order denying section 1170.126 petition is not appealable, but appellate court may treat the appeal as a petition for writ of mandate or habeas corpus]; *People v. Hurtado* (2013) 216 Cal.App.4th, review granted Jul. 31, 2013, S212017 [an order denying a section 1170.126 petition is appealable under section 1237, subdivision (b) as an order after judgment affecting a

5

party's substantial rights]; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264 ["an order denying relief under section 1170.126 is not appealable if it denies a petition that was erroneously filed by an individual whose indeterminate three strikes sentence is based on a conviction for any serious or violent felony. In all other instances, an order denying a petition for recall of sentence is appealable, whether based on a determination of ineligibility or an exercise of the trial court's discretion to deny resentencing"]; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2104, S214844 [an order denying a section 1170.126 petition is appealable]; *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922 [exercising discretion to treat appeal as a petition for writ of habeas corpus rather than contribute to the debate].) The Supreme Court has designated *Teal* as the lead case and deferred briefing in *Hurtado*, *Leggett*, *Wortham*, and *Martinez* pending further order of the court.

In *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933 (*Braziel*), the same court that decided *Teal* deemed the notice of appeal a petition for writ of mandate and issued an order to show cause. (*Braziel*, at p. 937.) In a very recent case, *People v. Haynes* (2014) 225 Cal.App.4th 997 (*Haynes*), the court determined that a trial court's denial of a request for resentencing, even at the initial determination of eligibility, is an order made after judgment affecting the substantial rights of the party and is appealable under section 1237, subdivision (b). (*Haynes*, at p. 1005.)

Thus, were we to conclude the order was not appealable, we could nevertheless consider defendant's appeal to be a petition for writ of habeas corpus or petition for writ of mandate and address its merits in the interest of judicial economy and due to uncertainty in the law. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from an order asserted to be nonappealable by the Attorney General as a petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [treating untimely appeal as petition for writ of mandate due to uncertainty in the law respecting appealability of the orders in question].) In the instant case, we agree with the

6

*Haynes* court and conclude that the trial court's order is appealable in that it affects the defendant's substantial rights, and we address the merits of the appeal.

### B. *Defendant Is Eligible to Petition*

A violation of section 422, making a criminal threat, was not a serious or violent felony in 1995 when defendant was convicted. It was added to the list of serious felonies by Proposition 21, which was effective on March 8, 2000. (§ 1192.7, subd. (c)(38); *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 577.)[4] As *Manduley* explained, sections 14 through 17 of Proposition 21, "the Gang Violence and Juvenile Crime Prevention Act of 1998," amended portions of the Three Strikes law. (*Manduley*, at p. 574.) "Section 15 alters the list of 'violent felonies' (Pen. Code, § 667.5, subd. (c)), and section 17 modifies the list of 'serious felonies' (Pen. Code, § 1192.7, subd. (c)), for which enhanced sentences are required. (See Pen. Code, § 667.) Sections 14 and 16 change the 'lock-in' date for determining the existence of qualifying offenses (such as violent or serious felonies) under the Three Strikes law. Thus, before the passage of Proposition 21, references to existing statutes, such as the law defining violent felonies, in Penal Code section 667 were 'to statutes as they existed on June 30, 1993.' (Pen. Code, § 667, subd. (h).) Section 14 of Proposition 21 provides that references to existing statutes in Penal Code section 667, for all offenses committed on or after the effective date of the initiative, are to those statutes as they existed on the effective date of Proposition 21 (March 8, 2000), including, but not limited to, amendments made to those statutes by this initiative. (Pen. Code, § 667.1.) Section 16 of the initiative makes a corresponding change to the lock-in date for statutes referenced in Penal Code section 1170.12. (Pen. Code, § 1170.125.)" (*Manduley*, at pp. 574-575.)

---

[4] For purposes of the Three Strikes law, a "serious felony" was a crime so defined in section 1192.7, subdivision (c); a "violent felony" was a crime defined as such in section 667.5, subdivision (c), and all references to existing statutes were to statutes as they existed on June 30, 1993. (*Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1305, 1311, fn. 7.)

The issue that must be decided is whether defendant's 1995 conviction for making criminal threats in violation of section 422, which was not designated a serious felony until Proposition 21 became effective in 2000, makes him ineligible for resentencing under the Act. Respondent urges that, because section 1170.126 employs the present tense throughout, the current list of serious felonies—which includes the crime of making criminal threats—bars defendant from petitioning for resentencing. For example, the statute provides that any person serving an indeterminate term for a felony or felonies "that *are* not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for recall of sentence." (§ 1170.126, subd. (b), italics added.) According to respondent, since a violation of section 422 is *now* defined as a serious felony, defendant may not file a petition for recall of sentence.

Defendant acknowledges that choice of verb tense is significant in construing statutes (*People v. Loeun* (1997) 17 Cal.4th 1, 11) but argues that use of the present tense does not always mean "currently," as opposed to the time of the commission of the offense (*People v. Jeffers* (1987) 43 Cal.3d 984, 992-993). Defendant states that the statute in question must be viewed in light of the entire statutory framework. (*Kalina v. San Mateo Community College Dist.* (1982) 132 Cal.App.3d 48, 53.) He contends that, when section 1170.125 is added to the equation, the present tense language of section 1170.126 becomes ambiguous.[5] He points out that section 1170.125, from its inception

---

[5]     "Penal Code section 667, subdivisions (b) through (i), is the codification of the Three Strikes law's legislative version (Stats. 1994, ch. 12, § 1). Penal Code section 1170.12 is the codification of its initiative version (Prop. 184, § 1, as approved by voters, Gen. Elec. (Nov. 8, 1994)). The two are 'nearly identical.' [Citation.]" (*People v. Williams* (1998) 17 Cal.4th 148, 152, fn. 1.) Although we refer to the initiative version for purposes of this opinion, we note that section 667.1, the counterpart to section 1170.125, currently provides: "Notwithstanding subdivision (h) of Section 667, for all offenses committed on or after November 7, 2012, all references to existing statutes in subdivisions (c) through (g), inclusive, of section 667, are to those statutes as they existed on November 7, 2012."

has clarified that additions to the definition of serious and violent felonies were to be applied *prospectively* to crimes committed on or after the date the new list became effective.**6**

"[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.] Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.] '[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' [Citation.]" (*People v. Park* (2013) 56 Cal.4th 782, 796.) "If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.) "'"If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such situations, we strive to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statute['s] general purposes. [Citation.] We will avoid any interpretation that would lead to absurd consequences. [Citation.]" [Citation.]' [Citation.]" (*People v. Elliot* (2005) 37 Cal.4th 453, 478.)

In *People v. James* (2001) 91 Cal.App.4th 1147 (*James*), this court had occasion to interpret the relationship between section 1170.125 and its effect on the classification of prior offenses as strikes under the Three Strikes law. James was alleged to have committed his current offenses—those that triggered his classification as a third striker—on March 17, 2000. (*James*, at p. 1149.) The trial court struck the allegations that James had suffered two prior strike offenses, which were based on 1994 convictions for two

---

**6** Although defendant argued an ex post facto argument below, he does not do so in his appeal, relying instead on the plain language of section 1170.125 and section 1170.126. We therefore do not include an ex post facto analysis.

felonies committed in 1993, on the ground that those crimes were not serious felonies in 1993 and 1994. (*Ibid.*) At that time, section 1170.125 provided: "'Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994 General Election, for all offenses committed on or after the effective date of this act, all references to existing statutes in Section 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act.'" (*James*, at p. 1149.) The trial court found that application of section 1170.125 (and section 667.1) to prior convictions suffered before the effective date of Proposition 21 (March 8, 2000) would violate the prohibition against ex post facto laws. (*James*, at p. 1149.)

We concluded that the trial court erred and stated that the date of the current offense (March 17, 2000, in James's case) was determinative of whether the definition of serious felonies in effect on March 8, 2000, applied to the defendant's prior convictions. (*James*, *supra*, 91 Cal.App.4th at pp. 1150, 1151.) We noted that the purpose of Proposition 21 was to increase public safety. (*James*, at p. 1151.) Given that purpose, we concluded that "Penal Code sections 667.1 and 1170.125 require that, if the current offense was committed on or after March 8, 2000, a determination whether a prior conviction alleged as a serious felony is a prior strike must be based on whether the prior offense resulting in that conviction was a serious felony within the meaning of the three strikes law on March 8, 2000." (*Ibid.*)

Our holding in *James* aids defendant in the sense that defendant's crimes, unlike James's, were *not* committed on or after March 8, 2000. From *James*, we glean that section 1170.125 provides a date on or after which any offense committed is governed by the content of the statutes defining serious felonies that was in effect on that particular date. Therefore, any offense committed before that date is not governed by the statutes that came into effect on that particular date, but on the previous versions of those statutes. In *James*, we adhered strictly to the language of the statute and the time frame that language dictated.

Section 1170.125 applies by its very terms to references to other statutes (such as those defining serious and violent felonies) contained in sections 1170.12 and 1170.126.

10

Therefore, when section 1170.126 makes a reference to serious and/or violent felonies defined in section 667.5, subdivision (c) and section 1192.7, subdivision (c), and when the current offense was *not* committed on or after November 7, 2012, the reference must necessarily be to the definitions in effect on an earlier date. By the same reasoning, when section 1170.125 was adopted at the March 7, 2000 primary election and became operative on March 8, 2000, its definitions of serious and violent felonies did not apply to convictions suffered before its effective date.

We agree that, read on its own, the language in the present tense found in section 1170.126, which refers to convictions "that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7" would lead one to consult the currently existing list of serious and violent felonies. However, these references to "existing statutes" in section 1170.126 apply only to "all offenses committed on or after November 7, 2012," and defendant's offense clearly was not. Statutes relating to the same subject matter must be read together and reconciled whenever possible to avoid nullification of one statute by another. (*Kalina v. San Mateo Community College Dist.*, *supra*, 132 Cal.App.3d at p. 53.) Respondent's interpretation of section 1170.126 would render the language of section 1170.125 meaningless. "An interpretation that renders statutory language a nullity is obviously to be avoided. [Citation.]" (*Williams v. Superior Court* (1993) 5 Cal.4th 337, 357.) "It is well established that courts are 'exceedingly reluctant to attach an interpretation to a particular statute which renders other existing provisions unnecessary.' [Citation.]" (*People v. Olsen* (1984) 36 Cal.3d 638, 647.) We decline to endorse an interpretation of section 1170.126 that would render section 1170.125 unnecessary and superfluous. (*Mundy v. Superior Court* (1995) 31 Cal.App.4th 1396, 1405.)

Respondent urges that, in construing a statute, a reviewing court must select the interpretation that comports with the intent of the electorate and avoid an interpretation that would lead to absurd consequences. (*People v. Walker* (2002) 29 Cal.4th 577, 581.) In interpreting a voter initiative, "'[w]hen the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the

official ballot pamphlet." [Citation.]'" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) "[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Ibid.*) "'[T]he court may consider the impact of an interpretation on public policy, for "[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation."'" (*People v. Smith* (2004) 32 Cal.4th 792, 798.)

Defendant states that Proposition 36 was passed in November 2012 to ameliorate the overly harsh terms of the Three Strikes law as it had been enacted in 1994. *Yearwood* states that the intent of the electorate in approving the Act was to "ensure dangerous criminals remain in prison" while ensuring that nonviolent offenders are not sentenced to a life in prison. (213 Cal.App.4th at p. 175, quoting Voter Information Guide, Gen. Elec. (Nov. 6, 2012), argument in favor of Prop. 36, p. 52.) Respondent argues that construing section 1170.126, subdivision (b), to refer to those triggering offenses currently defined as serious and/or violent supports the Act's public safety purpose. It reduces the likelihood that defendants who are considered dangerous will be released from prison. According to respondent, the electorate would have had no basis to conclude that a defendant who committed his triggering offense before March 9, 2000, should be considered less dangerous than someone who committed the offense after that date.

It is true that the dangerousness of a criminal cannot be gauged by the date on which he or she committed the crime. Nevertheless, the statutes are replete with instances where the date of the commission of a crime, of sentencing, or of the passage of a law has the effect of placing individuals on either side of a rigid line. (See, e.g., *People v. Rosalinda C.* (2014) 224 Cal.App.4th 1, 9-10 [some developmentally disabled persons committed under Welfare and Institutions Code section 6500 after June 27, 2012, could not be committed for more than six months, but those committed before that date were still subject to one-year commitments]; *People v. Mora* (2013) 214 Cal.App.4th 1477, 1481 [sentencing changes made by the Realignment Act must be applied prospectively to any person sentenced on or after October 1, 2011]; *People v. Verba* (2012) 210 Cal.App.4th 991, 994 [defendant who committed a crime on September 30, 2011, will

12

receive a lower level of conduct credits than a defendant who committed a crime on October 2, 2011].)

On the other hand, care must be taken not to construe such statutes in a manner that might raise a serious constitutional issue. (*People v. McKee* (2010) 47 Cal. 4th 1172, 1193.) In *Tapia v. Superior Court* (1991) 53 Cal.3d 282, for example, the court held that certain provisions of Proposition 115 could not be applied to crimes committed before the measure's effective date because they changed the legal consequences of criminal behavior to the detriment of defendants. (*Tapia*, at p. 297.) Included among these were an amendment to section 189 that added crimes to the list of felonies supporting a conviction of first degree murder and an amendment to section 190.2 adding new special circumstances. (*Tapia*, at p. 298.) The court's disapproval of "'retrospective'" application of these amendments because it resulted in changing the legal consequences of a defendant's past conduct resonates in the instant case. (*Ibid*.)

Proposition 36 clearly had a dual purpose—that of ameliorating unduly harsh third-strike sentences and protecting the public. We do not believe that adhering to the lock-in dates of section 1170.125 is universally violative of either of those purposes, and ignoring those dates may raise serious constitutional questions. We conclude that the trial court's order is appealable, and the merits of defendant's petition for recall of sentence and resentencing must be decided, inter alia, based on the fact that his current, or triggering, offense, which caused him to be sentenced under the Three Strikes law, was not deemed a serious or violent felony on the date of its commission.

## DISPOSITION

The order appealed from is reversed.  The matter is remanded to the superior court with directions to re-determine defendant's eligibility for resentencing for his 1995 convictions under section 1170.125 and section 1170.126 by using the definitions of serious and/or violent felonies in effect on the date defendant committed the offense or offenses that triggered his indeterminate third-strike sentence.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

14